OPINION OF THE COURT
Chief Judge Wachtler.
The defendant has been convicted, after a jury trial, of robbery and related offenses in connection with a hold-up of a bar. The Appellate Division affirmed the conviction and the defendant appeals. The defendant’s primary contention is that he was denied a fair trial when the prosecutor cross-examining him made a "surprise inquiry” concerning an unrelated robbery in another State. The defendant urges that we reexamine the rule announced in People v Sandoval (34 NY2d 371) and shift the burden to the prosecutor of obtaining prior court approval before questioning a defendant about unrelated criminal acts.
On September 10, 1982, a few minutes after midnight, two men armed with handguns entered a bar in Syracuse. While one of the men, later identified as the defendant, took approximately $500 from the bartender, the other robbed the patrons. As the men fled in a green station wagon, one of them, also subsequently identified as the defendant, fired at police officers responding to the report of the robbery. The officers were not injured, but the robbers escaped. They were both arrested later that morning and were subsequently indicted. The defendant was charged with 18 counts, including robbery in the first degree and attempted murder.
While awaiting trial, the defendant was released and left the State. He was subsequently charged in Federal court with robbing a bank in Atlanta, Georgia, on December 13, 1982. The Federal charges, however, were dismissed pending the determination of the New York indictment. The prosecutor in New York was informed of this and passed the information on to the attorney representing the defendant on the Syracuse indictment. Defense counsel then called the Federal prosecutor who confirmed the fact that the charges had been dismissed but would be revived if the defendant was acquitted on the New York indictment.
At the defendant’s jury trial on that indictment in the fall of 1983, the defendant chose to testify on his own behalf. Prior to doing so, he moved, pursuant to People v Sandoval (supra), *121 to preclude the prosecutor from questioning him with respect to certain criminal acts for which he had been convicted or adjudicated a youthful offender. He did not ask the court to also bar the prosecutor from cross-questioning him on the bank robbery in Georgia. The court granted the motion in part, excluding any reference to the youthful offender adjudication and the underlying acts, but permitting cross-examinatian on the later convictions.
After the defendant had testified on direct, the prosecutor asked him on cross-examination if he had gone to Atlanta, Georgia, while awaiting trial in December of 1982. When the defendant admitted being there, the prosecutor asked him if he had committed a bank robbery in that city on December 13, 1982. Defense counsel immediately objected and the court sustained the objection. Defense counsel then moved for a mistrial urging that no curative instructions could remove the prejudice. The District Attorney noted that defense counsel was aware of the Federal charges and had not made any motion with respect to them during the Sandoval hearing. The court denied the motion for a mistrial. Instead, the court offered the defendant an option: he could let the objection stand, and accept curative instructions; or he could withdraw the objection and answer the question, in which case the prosecutor would be bound by the answer. The defendant chose the latter course and in response to the prosecutor’s question, denied committing the bank robbery in Georgia.
The jury found the defendant guilty of three counts of robbery in the first degree (Penal Law § 160.15) and one count of attempted aggravated assault on a police officer (Penal Law §§ 110.00, 120.11). The Appellate Division affirmed (112 AD2d 781).
On this appeal, the defendant urges that the People should not be permitted to question a defendant about unrelated criminal acts unless the prosecutor has sought and obtained prior court approval to do so.
In People v Sandoval (supra), we established a procedure which would permit a defendant who wishes to testify on his own behalf to move prior to trial to have the court prohibit the prosecutor from cross-examining him regarding unrelated criminal or immoral acts, when the probative value for impeachment purposes is outweighed by the potential prejudice to the defendant. We emphasized (at p 378) that the defendant has the burden to "inform the court of the prior convictions *122 and misconduct which might unfairly affect him as a witness in his own behalf’ and "of demonstrating that the prejudicial effect of the admission of evidence thereof for impeachment purposes would so far outweigh the probative worth of such evidence on the issue of credibility as to warrant its exclusion”. We also noted (at p 373, n 1) that this procedure would apply only to cases where evidence of prior criminal or immoral acts is used to impeach the defendant, and not to cases where it is introduced as evidence-in-chief to establish an element of the crime charged.
The procedure to be followed in the latter cases was subsequently discussed in People v Ventimiglia (52 NY2d 350) where the prosecutor had, without warning, introduced on his direct case evidence of other crimes for which the defendant had never been charged or convicted, some of which was held to be improperly admitted. There we observed (at pp 361-362): "When a prosecutor, knowing that such evidence is to be presented, waits until objection is made when it is offered during trial before informing the court of the basis upon which he considers it to be admissible, there is unfairness to the defendant, even if his objection is sustained, in view of the questionable effectiveness of cautionary instructions in removing prior crime evidence from consideration by the jurors”. Thus, we concluded that when the prosecutor intends to offer proof of other crimes as part of his direct case, he "should ask for a ruling out of the presence of the jury” before attempting to introduce the evidence (People v Ventimiglia, supra, at p 362).
The defendant urges that the risk of prejudice exists, whether the evidence is offered for impeachment or as evidence-in-chief, and that the prosecutor should therefore be required to obtain an advance ruling whenever he intends to make reference to other criminal or immoral acts. He claims that the existing procedure permits the prosecutor to "surprise” the defendant by cross-examining him about unrelated crimes which the court may subsequently find to be unduly prejudicial.
There is an obvious risk of surprise when the prosecutor introduces evidence of other crimes on his direct case, particularly when, as in Ventimiglia, the defendant has never been charged or convicted of those offenses. Even when the defendant has been charged or convicted, he cannot be expected to anticipate all the evidence that the prosecutor intends to *123 introduce. Since this is a matter wholly within the control of the prosecutor, it is logical and fair to place the burden on the People of obtaining an advance ruling on the admissibility of other crimes sought to be introduced in evidence as part of the prosecutor’s own direct case.
However, there is no reason to generally shift the burden to the prosecutor when he only intends to use such evidence if the defendant testifies on his own behalf. The decision to testify is entirely within the control of the defendant who should anticipate cross-examination regarding prior criminal or immoral acts, and can generally prevent any prejudice by moving to prohibit or limit questioning on these matters before he takes the stand. A defendant who has been charged with or convicted of particular crimes and who chooses to testify can hardly claim surprise if he is asked about them on cross-examination.
The defendant was charged with the Georgia robbery and advised of the status of that charge, long before he testified at trial. Although the charge was dismissed, it was not finally dismissed on the merits, and the underlying act was a proper subject for inquiry by the prosecutor on cross-examination (People v Vidal, 26 NY2d 249, 253). If the defendant believed that any questioning on this point at trial would irreparably prejudice his case, he could have raised his objection in connection with his Sandoval motion prior to testifying. Having waived his right to an advance ruling, he cannot claim to be prejudiced by the fact that the question was asked at trial.*
Accordingly, the order of the Appellate Division should be affirmed.
Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr, concur.
Order affirmed.

 In view of this disposition we need not consider whether the claimed misconduct on the part of the prosecutor in asking the question without warning, was harmless under the circumstances of this case.