■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN DELACRUZ, Appellant.—Levine, J. Appeal from a judgment of the County Court of Greene County (Battisti, Jr., J.), rendered July 24, 1984, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant was indicted and charged with assault in the second degree based upon his alleged attack upon a correction officer at Coxsackie Correctional Facility. The altercation took place while the correction officer was supervising defendant and six other inmates who were taking showers. At trial, the correction officer and a co-worker testified that defendant punched the correction officer, who then hit defendant in turn. Defendant and another inmate testified that the correction officer hit defendant first and that defendant struck back in self-defense. The jury found defendant guilty of assault in the second degree as charged, and he was sentenced as a second felony offender to an indeterminate term of 2½ to 5 years' imprisonment.

The dispositive issue on appeal is defendant's contention that County Court committed reversible error in failing to limit the prosecutor's cross-examination of defendant as to prior bad acts. Prior to defendant's testifying, County Court conducted a *Sandoval* hearing and determined the admissibility of the only two matters submitted for its consideration, defendant's conviction for manslaughter and a youthful offender adjudication. The instant appeal, however, concerns the

prosecutor's further cross-examination of defendant regarding defendant's inmate disciplinary record and uncharged crimes allegedly committed by defendant prior to his incarceration.

We are not persuaded by defendant's contention that the prosecutor's interrogation concerning serious infractions in defendant's inmate disciplinary record to impeach defendant's credibility was improper. Initially, we note that contrary to defendant's assertion, the prosecutor was not obligated to disclose his intended use of that record to County Court at the time of the *Sandoval* hearing *(see, People v Matthews,* 68 NY2d 118, 121-123; *People v McCormick,* 100 AD2d 723). Rather, it was incumbent upon defendant to raise any objections to questions regarding his inmate disciplinary record at the time of the *Sandoval* motion. These were matters of which he was aware and should reasonably have anticipated would be the subject of cross-examination if he chose to testify in his own behalf. His failure to raise them at the *Sandoval* hearing constituted a waiver of any claim of prejudice resulting from the asking of questions at trial *(see, supra).* Moreover, upon defendant's objection, County Court retired to chambers and heard argument on the admissibility of the inmate record. The court's determination that the prosecutor could cross-examine defendant as to those inmate disciplinary proceedings where defendant had admitted his guilt was not an abuse of discretion. Defendant's serious violations of inmate rules demonstrated his willingness to "place [his] self-interest ahead of principle and society, proof that was relevant to suggest his readiness as a witness to do so again" *(People v Duffy,* 36 NY2d 258, 262, *cert denied* 423 US 861).

Defendant's claim of reversible prejudice resulting from the prosecutor's cross-examination of him regarding uncharged criminal conduct allegedly committed by defendant prior to his incarceration is more persuasive. The prosecutor questioned defendant as to whether he had ever (1) committed a burglary, (2) used the drug angel dust, (3) used the drug cocaine, (4) had a $200-a-week habit, and (5) stole property and sold it to support his habit. Only defendant's objection to the last question was sustained. However, his counsel's timely request that County Court take the matter into chambers and that the prosecutor be required to demonstrate a basis for this line of questioning was denied. This constituted error. Although a defendant may be cross-examined as to any immoral, vicious or criminal conduct which bears on his credibility, the prosecutor must establish on the record that the questions are asked in good faith and upon a reasonable basis *(see, People v*

*Duffy, supra,* at 262; *People v Kass,* 25 NY2d 123, 125-126; *People v Alamo,* 23 NY2d 630, 633-635, *cert denied* 396 US 879; *People v Simpson,* 109 AD2d 461, 467, *appeal dismissed* 67 NY2d 1026; *People v Huntley,* 87 AD2d 488, 494-495, *affd* 59 NY2d 868; *People v Travison,* 59 AD2d 404, 409 [Kane, J., concurring], *affd* 46 NY2d 758, *cert denied* 441 US 949). The issue of defendant's guilt largely turned on the question of credibility of defendant and the correction officers who were his accusers. Especially where, as here, a defendant questions the good-faith basis for the cross-examination, the trial court should interrupt the proceedings and address the issue *(see, People v Travison, supra).* The prejudice to defendant which resulted in the failure to do so mandates a reversal and new trial.

Judgment reversed, on the law, and matter remitted to the County Court of Greene County for a new trial. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.