■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GRIFFIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered March 2, 1984, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court improperly allowed the prosecutrix to introduce evidence of the prior good acts of the deceased is without merit. The People's theory was that the defendant intentionally killed the deceased because the defendant resented the changes for the better that the deceased brought about in the lives of the defendant's children and former girlfriend. Thus, the evidence of the deceased's

prior good acts was relevant for the purpose of demonstrating the defendant's motive (extreme jealousy and hatred) for killing the deceased. Furthermore, the evidence regarding the deceased's nonviolent personality was properly admitted to refute the defendant's justification defense (see, People v Miller, 39 NY2d 543).

The defendant's further contentions that the prosecution was improperly permitted to introduce evidence of the defendant's alleged bad acts both on its direct case and on cross-examination of the defendant, and that the prosecutrix failed to seek an advance ruling prior to introducing this potentially prejudicial testimony as required by People v Ventimiglia (52 NY2d 350), are similarly without merit. There was no doubt that the defendant was going to testify on his own behalf in connection with his justification defense and, therefore, he could hardly claim surprise that he would be asked about his prior bad acts on cross-examination. Furthermore, it was clear that his prior bad acts in connection with his children and former girlfriend were going to be introduced into evidence to show motive and to refute his justification defense. If the defendant believed that the introduction of this evidence would irreparably prejudice his case, it was he who should have obtained an advance ruling to prevent its introduction (see, People v Matthews, 68 NY2d 118). In any event, the defendant failed to preserve his claims of error with regard to the evidence introduced on the People's direct case, by failing to make timely and proper objections (see, CPL 470.05 [2]). Moreover, the trial court did not abuse its discretion with respect to the prosecutrix's cross-examination of the defendant or his witness (see, People v Schwartzman, 24 NY2d 241, cert denied 396 US 846; People v Tucker, 122 AD2d 237, lv denied 68 NY2d 918).

As to the defendant's claims that the prosecutrix in her summation improperly "canonized" the deceased, "vilified" the defendant and mischaracterized the evidence, these claims are unpreserved. The defendant's objection with respect to these claims was untimely (see, CPL 470.05 [2]). In any event, the prosecutor's comments in summation did not exceed the broad bounds of rhetorical comment permissible in closing argument (see, People v Galloway, 54 NY2d 396).

In addition, there is no merit to the defendant's contention that the prosecutrix was erroneously allowed to bolster the testimony of one of her witnesses with a prior consistent statement. The trial court properly permitted the prosecutrix to introduce the prior consistent statement to refute the

suggestions of recent fabrication *(see, People v McClean,* 69 NY2d 426).

Finally, the sentence imposed was a proper exercise of discretion and should not be disturbed *(see, People v Roman,* 84 AD2d 851). Eiber, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.