THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DANIEL OLMSTEAD, Appellant.

Third Department, November 12, 1987

## APPEARANCES OF COUNSEL

*Dennis B. Schlenker* for appellant.

*Daniel K. Lalor, District Attorney (Valerie Friedlander* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

Defendant and the victim, Janet Bruni, were married in December 1984 and separated in March 1985. At that time defendant was upset because Bruni apparently wanted an annulment and because defendant believed she was having an affair with another man. On March 12, 1985, defendant came to Bruni's house with a rifle. Ultimately, defendant shot her three times, kicked her and attempted to strangle her. Defendant fled, and Bruni was able to summon assistance. She survived and defendant, who later turned himself in to authorities, was indicted and charged with attempted second degree murder.

At trial, defendant did not deny that he committed the acts charged, but offered the defense of not guilty by reason of mental disease or defect. Defendant offered the testimony of two experts that, due to "an uncontrolled state of rage", defendant suffered from a "brief reactive psychosis" during which he did not know what he was doing or that his conduct was wrong. The People offered contradictory expert proof. The jury rejected the defense, but found that defendant acted under extreme emotional disturbance and, accordingly, found him guilty of the lesser included offense of attempted first degree manslaughter. Defendant was sentenced to an indeterminate term of imprisonment of 5 to 15 years. This appeal ensued.

Defendant's primary contention involves the introduction of evidence regarding an incident which occurred while he was in military service. At a *Sandoval* hearing held after the People rested, County Court ruled that two traffic infractions could not be used to impeach defendant's credibility should he take the stand. Neither the defense attorney nor the prosecutor made reference to any other criminal or immoral acts. When the prosecutor started cross-examining defendant, he asked whether defendant's first marriage ended when he found his wife in bed with another man. When defendant responded in the affirmative, the prosecutor elicited from defendant the fact that defendant beat his wife after the incident. Defense counsel's objection to this question was overruled. The prosecutor then elicited from defendant the fact that, because of this incident, he received a dishonorable discharge from military service. County Court sustained defense counsel's objection to this question. County Court denied defendant's motion for a mistrial, but gave a curative instruction to the effect that the reference to the dishonorable discharge was to be ignored.

■ Initially, defendant contends that the People were required to inform him at the *Sandoval* hearing that the incident in which he beat his first wife and the fact that he was dishonorably discharged were intended to be used upon cross-examination if he took the stand. It is settled law that it is the defendant's obligation to bring to the court's attention those convictions or immoral acts with regard to which he wants an advance ruling as to *Sandoval* admissibility *(People v Matthews,* 68 NY2d 118; *People v Delacruz,* 127 AD2d 887). While the Legislature has recently made a change in this rule (L 1987, ch 222, eff Nov. 1, 1987), such amendment is not applicable to defendant's case.

■ Defendant's remaining contentions on this issue center not on the testimony regarding defendant beating his first wife, but on the testimony about the dishonorable discharge. Defendant contends that because the People improperly acquired such information as a result of the psychiatric examination, the evidence was inadmissible. This issue is academic since County Court sustained defendant's objection and ruled the evidence to be inadmissible.

■ More relevant is defendant's contention that the proper remedy was not a curative instruction, but a mistrial. Whether to grant a mistrial is a matter of discretion for the trial court. One consideration is, of course, the questionable

effect of cautionary instructions in removing evidence from consideration by the jurors *(see, People v Matthews, supra,* at 122).* However, taking the record as a whole, we are of the view that the jury was not so irreparably prejudiced by the remark about the dishonorable discharge that a mistrial was warranted. Thus, County Court's rejection of defendant's request for a mistrial was not an abuse of discretion.

█ Finally, we have considered and reject defendant's claim that the sentence imposed was harsh and excessive.

KANE, CASEY, WEISS and LEVINE, JJ., concur.

Judgment affirmed.