■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM B. ROUSE, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered August 25, 1986, upon a verdict convicting defendant of the crimes of rape in the first degree and sexual abuse in the first degree.

Defendant was convicted of raping his brother's wife. The central issue at trial was one of credibility: whether to believe defendant's claim that sexual intercourse was consensual or the victim's contention that it was forcible and against her will. The evidence, including a torn T-shirt, a telephone receiver ripped from a wall phone, medical testimony regarding scratches and abrasions on the victim's body, forensic evidence of sperm on her clothing and testimony of the victim's emotional state directly following the sexual attack, is both legally

sufficient and of ample weight to support the jury's decision to accept the victim's version of the incident and convict defendant *(see, People v Bleakley,* 69 NY2d 490).

Notwithstanding defendant's contrary assertion, we find that the prosecution not only met its burden of proof, but also that the errors claimed to have been made at trial do not warrant reversal. Defendant claims that County Court erred in allowing the People to cross-examine him regarding sexual relations he had with his brother's previous wife. This line of questioning was not objected to and hence has not been preserved for review *(see,* CPL 470.05 [2]). In any event, the testimony regarding defendant's adulterous behavior does not show a propensity to engage in sexual intercourse by forcible compulsion and, therefore, has little prejudicial effect compared with its impeachment value *(see, People v Ocasio,* 47 NY2d 55, 57-58). Furthermore, defendant did not bring the act of adultery to County Court's attention during his *Sandoval* hearing and so did not meet his burden of demonstrating that the prejudicial effect of this evidence would outweigh its probative value *(see, People v Sandoval,* 34 NY2d 371, 378).

The failure of trial counsel to object to the adultery testimony underlies defendant's claim that he was denied effective assistance of counsel. However, the record, viewed in totality, reveals competent and aggressive representation *(see, People v Baldi,* 54 NY2d 137, 147). Specifically, defendant's adultery was an essential element in trial counsel's defense theory that the victim's husband had coerced her into pressing charges against defendant in retribution for being twice cuckolded by defendant. Counsel's decision not to object was obviously a strategically calculated one *(see, People v Strempack,* 134 AD2d 799, 800, *affd* 71 NY2d 1015).

Defendant's remaining point, that County Court committed reversible error in its *Sandoval* ruling permitting the prosecutor to cross-examine defendant with respect to his prior convictions for criminal trespass and unlawful possession of a weapon, is without merit.

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.