(June 22, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL ALHADI, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered January 7, 1987, upon a verdict convicting defendant of the crime of rape in the third degree.

Defendant was a child caseworker at the Charlton School for Girls, a residential facility in Schenectady County for adolescent girls with learning disabilities or emotional problems, and assigned to complainant's living unit. Following his November 1984 termination of employment at Charlton, defendant was indicted for rape in the third degree, sodomy in the third degree and endangering the welfare of a child for an incident which complainant alleged occurred at defendant's apartment in the City of Schenectady on February 3, 1985 when she was 15 years old. Defendant denied the charges.

On defendant's *Sandoval* motion, County Court held that defendant could be cross-examined about previous convictions for robbery, grand larceny and attempted assault, and about his negative response on his Charlton employment application to a question asking whether he had been convicted of any crime within the past 10 years. At trial, complainant described the February 3, 1985 incident but admitted that she had lied to her counselors about her planned activities that day in order to leave Charlton to meet defendant. She also described defendant's apartment. Defendant testified in his behalf, denying that complainant had been to his apartment and that he had engaged in any sexual activity with complainant. Defendant's date of birth, which was necessary to prove the element of rape in the third degree requiring the actor to be at least 21 years old (Penal Law § 130.25 [2]), was introduced through testimony of a court reporter who had taken and transcribed defendant's birth date during an earlier court appearance. The charge of endangering the welfare of a child was dismissed following the People's case and the other two charges were submitted to the jury, which acquitted on the

sodomy charge and convicted on the rape charge. Defendant was sentenced as a second felony offender to a term of incarceration of 1½ to 3 years. This appeal followed.

We conclude that there is no merit to defendant's contention that the verdict was not supported by the evidence. Complainant's testimony clearly implicated defendant and it was within the jury's province to accept this version of the incident rather than defendant's denial (see, e.g., People v Akgun, 139 AD2d 654, lv denied 72 NY2d 855). The inconsistencies in complainant's testimony and her admitted dishonesty to her counselors merely raised credibility questions which the jury, having heard and observed complainant and. defendant, resolved in complainant's favor (see, e.g., People v Saddlemire, 121 AD2d 791, 792, lv denied 68 NY2d 917). We are not unmindful, in this regard, that complainant's description of defendant's apartment matched that of defendant's landlord even though defendant testified that complainant had never been to his apartment. The absence of any corroborating physical or medical evidence or eyewitness testimony does not undermine the jury's determination since the corroboration requirement for sex offenses is not applicable to this case (see, Penal Law § 130.16).

We further reject defendant's remaining contentions. County Court's Sandoval ruling permitting cross-examination about defendant's prior convictions was not reversible error as those convictions reflected on defendant's credibility (see, e.g., People v Benson, 123 AD2d 470, 472, lv denied 69 NY2d 708). That the convictions were some 10 years old does not make their use per se improper (see, e.g., People v Crandall, 108 AD2d 413, 414-415). We note that County Court specifically charged the jury that defendant's prior convictions reflected solely on his credibility and not as proof of his guilt. The record does not support defendant's claim that the prosecution engaged in unnecessarily extensive or repetitive cross-examination about defendant's prior convictions. The prosecution's single question to defendant on cross-examination about whether he had three wives does not require reversal since defendant failed to seek an advance ruling with respect to this uncharged matter (see, People v Matthews, 68 NY2d 118, 123). The statutory change in this rule (CPL 240.43), effective November 1, 1987 (L 1987, ch 222, § 2), is not applicable to this case which was tried in 1986 (see, People v Olmstead, 131 AD2d 196, 198). Finally, there was no reason to hold a suppression hearing concerning the admissibility of defendant's prior in-court sworn statement of his birth date, which

was used to establish the element of rape in the third degree under Penal Law § 130.25 (2) requiring the actor to be at least 21 years old. Such pedigree information is not generally subject to suppression challenges *(see, People v Rivera,* 26 NY2d 304, 309; *People v Nelson,* 147 AD2d 774).

Judgment affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.