■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD PERKINS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered April 13, 1989, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's unsupported speculations that the prosecution conditioned acceptance of his codefendant's plea upon a promise that the codefendant would not testify on the defendant's behalf. Therefore, we do not perceive that this defendant was denied his Sixth Amendment due process right to call witnesses when the codefendant refused to testify by invoking his Fifth Amendment privilege against self-incrimination. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRIET RAWLINGS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered May 3, 1985, convicting her of attempted assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Further, we find the court did not err in requiring the defendant, upon her application to reopen the *Sandoval* hearing, to proffer the specific bad acts which she sought precluded, before it would rule on the propriety of their use for impeachment purposes in the event that she took the stand *(see, People v Mathews,* 68 NY2d 118; *People v Sandoval,* 34 NY2d 371). Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.