■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

LOUIE A. RIVERA, Appellant.—Kane, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered February 4, 1987, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree, assault in the second degree and burglary in the first degree.

Defendant was charged in an eight-count indictment with rape in the first degree and other felonies as the result of a brutal incident which occurred at approximately 7:00 P.M. on March 30, 1986. The victim testified that defendant, with whom she was familiar, forced his way into her apartment that evening and held a knife to her throat. Defendant then forced her into the bathroom and proceeded to gag her, strangle her with a rope-like object and stab her in the back, asking her if she wanted to die. Defendant then sodomized and raped the victim, leaving her bloody and unconscious on the bathroom floor. The victim testified that she immediately recognized defendant upon his forced entry into her apartment and that when she called to him during the ordeal, he admonished her not to use his name. Defendant testified that he did engage in sex with the victim but that such acts were consensual and occurred much earlier that day. Defendant was convicted of rape, sodomy and burglary in the first degree, for which he was sentenced to concurrent prison terms of 12½ to 25 years, and assault in the second degree, for which a 3½-to-7-year concurrent prison term was imposed.

On appeal from the judgment of conviction, defendant advances several arguments, none of which require reversal in this instance. Initially, defendant contends that he was denied a fair trial by the erroneous introduction of and cross-examination concerning several prior crimes and bad acts pursuant to County Court's *Sandoval* rulings *(see, People v Sandoval,* 34 NY2d 371). Although the court permitted the People to impeach defendant as to certain crimes and bad acts, it denied the introduction of other incidents. In our view, County Court's determinations were "an eminently reasonable compromise between suppression of unfairly inflammatory evidence and evidence probative of defendant's credibility" *(People v Brewington,* 149 AD2d 852, 854, *lv denied* 74 NY2d 737). Moreover, those crimes and bad acts allowed into evidence clearly demonstrate defendant's willingness to place his own interests above those of society *(see, People v Sandoval, supra,* at 377; *People v Emmons,* 123 AD2d 475, 477), such that they reflected directly on the truthfulness of defendant's testimony *(see, People v Alhadi,* 151 AD2d 873, 874, *lv denied* 74 NY2d

804). The time that passed since those incidents, although lengthy for some, does not per se make their use improper *(see, supra)* and we find no abuse in the manner in which County Court exercised its discretion *(see, People v Bowden, 104 AD2d 695)*. We also note that the court specifically charged the jury that the prior crimes and bad acts reflected solely on questions of defendant's veracity and not proof of his guilt, and did so immediately after the People's cross-examination thereon *(see, People v Alhadi, supra)*.

We also reject defendant's argument that the evidence was insufficient to prove his guilt beyond a reasonable doubt. The victim, who was familiar with defendant, clearly implicated him in the crimes charged and it was the province of the jury to accept her version of the incident rather than defendant's *(see, People v Alhadi, supra; People v Rouse, 142 AD2d 788, 789)*, including the credibility of defendant's alibi testimony *(see, People v Brewington, supra)*.

Finally, given the brutal nature of the offense and defendant's background, including his status as a predicate felon, we cannot conclude that the sentence was harsh or excessive. We have examined defendant's remaining contentions and find them to be without merit.

Judgment affirmed. Mahoney, P. J., Kane, Yesawich, Jr., and Mercure, JJ., concur.