■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK WINNEY, Appellant.—Mikoll, J. P. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered March 4, 1991, upon a verdict convicting defendant of the crimes of rape in the first degree and sodomy in the first degree.

On this appeal defendant urges that County Court abused its discretion in permitting inquiry into force-related crimes and uncharged bad acts in its *Sandoval* ruling. We find the contention without merit. County Court denied inquiry into over 15 other convictions or alleged bad acts but allowed defendant to be cross-examined about six convictions and two bad acts. These included two theft convictions, one theft charge, one forgery conviction, one attempted sale of a controlled substance conviction, one assault charge, one assault conviction and a sexual abuse conviction. We find County Court's decision to be a " 'reasonable compromise between suppression of unfairly inflammatory evidence and evidence probative of defendant's credibility' " *(see, People v Rivera,* 160 AD2d 1098, 1099, *lv denied* 76 NY2d 795).

Defendant also contends that County Court erred in allowing questioning by the prosecution about alleged bad acts not disclosed during the *Sandoval* hearing. These included cross-

examination of defendant about a charge for aggravated unlicensed operation of a motor vehicle, his failure to pay a fine imposed for his 1983 conviction for petit larceny and the fact that he lied on job applications. Defendant's failure to object to these questions constitutes a failure to preserve the question for appeal. Were we to address the issue, we would nonetheless find it without merit. Defendant invited the challenged cross-examination by falsely testifying to related matters on direct examination and the prosecutor's cross-examination was apparently conducted in good faith in an attempt to reconcile apparent inconsistencies in defendant's testimony.

Defendant also claims that he was deprived of effective assistance of counsel. We disagree. Counsel's performance, when viewed in its entirety and in the circumstances of the case, and taking into consideration the relevant evidence and law, does not support defendant's contention. The standards set forth in *People v Baldi* (54 NY2d 137) were more than adequately met by defense counsel.

Yesawich Jr., Levine, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.