■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY BEASLEY, Appellant.—Judgment reversed on the law and new trial granted. Memorandum: The trial court should not have permitted the prosecutor to cross-examine defendant about prior uncharged bad acts. In his pretrial motion, defendant, who had no prior convictions, requested a hearing "[p]ursuant to People v Sandoval, 34 NY2d 371 * * * to determine the exact nature and extent of the cross-examination of the Defendant by the District Attorney." We find that the motion was sufficient to comply with CPL 240.43. The prosecutor failed, however, to advise defendant before trial that he would be questioned on uncharged acts if he testified and no pretrial inquiry or determination was made by the court *(see,* CPL 240.43; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, 1992 Supp Pamph, CPL 240.43, at 201; *see also, People v Williams,* 56 NY2d 236, 238-239; *People v Sandoval, supra).* Because the court's failure to conduct a proper pretrial inquiry may have affected defendant's decision to testify at trial, the error cannot be deemed harmless *(see, People v Williams, supra,* at 240-241).

Because we reverse defendant's conviction, we do not reach his other contention.

All concur, except Callahan, J. P., who dissents and votes to affirm in the following Memorandum.

Callahan, J. P. (dissenting). I do not concur with the rationale enunciated in the majority writing nor in their conclusion to reverse defendant's conviction of murder in the second degree (Penal Law § 125.25 [1]). Defendant was indicted with two other men (Florence and Washington) for killing Christopher Tuck in Rochester on December 5, 1989. The codefendants were tried separately; Florence was convicted of murder and Washington was acquitted. At defendant's trial, two eyewitnesses testified that defendant shot Tuck from a distance of six feet. The medical examiner testified that Tuck was killed by a single shot that lacerated his aorta. Defendant testified in his own defense that he had been robbed at gunpoint by Tuck earlier that day; that Florence picked up him and four others in his car; that they followed the car in which Tuck was a passenger; that when Tuck got out near his mother's house, the others exited Florence's vehicle and approached Tuck; that he remained in the auto and, although he saw somebody strike Tuck, he did not see who fired the shot. On cross-examination, defendant was asked whether Florence sold drugs. Following an affirmative response, he was asked whether he had worked for Florence. Defendant admitted, over objection, to having previously been involved in drug trafficking.

Defendant's principal contention on appeal is that the prosecution's failure to request and the trial court's failure to conduct a *Ventimiglia* hearing *(see, People v Ventimiglia,* 52 NY2d 350) prior to the People's cross-examination of him about uncharged drug involvement deprived him of a fair trial. We all agree that there is no *Ventimiglia* issue here because the People did not introduce that evidence on their direct case. The majority maintain, however, that the trial court erred in failing to comply with CPL 240.43 and the procedures established in *People v Sandoval* (34 NY2d 371). I disagree.

In my view, the majority misconstrue the plain meaning of CPL 240.43. That statute explicitly states that "[u]pon a request by a defendant, the prosecutor should notify the defendant of all * * * prior uncharged criminal, vicious or immoral conduct of which the prosecutor has knowledge and which the prosecutor intends to use at trial for purposes of

impeaching the credibility of the defendant." The record is devoid of evidence suggesting that defendant met his initial burden under CPL 240.43 of requesting that the People notify him of any uncharged criminal conduct. Furthermore, there is no indication in the record that defendant sought to limit the People's reference to uncharged drug crimes through the use of the *Sandoval* procedure. Thus, the majority incorrectly shift the burden to the prosecution *(see, People v Matthews,* 68 NY2d 118; *see also, People v Griffin,* 131 AD2d 779, *lv denied* 70 NY2d 955).

The record does reveal that the court conducted a *Sandoval* hearing in chambers prior to trial. We do not know what occurred at that hearing, however, because it is not in the record. In any event, it is the defendant who has the burden of informing the court of the prior convictions and misconduct which might unfairly affect him as a witness in his own behalf and of demonstrating that the prejudicial effect of the admission of evidence thereof for impeachment purposes would so far outweigh the probative worth of such evidence on the issue of credibility as to warrant its exclusion *(People v Matthews, supra,* at 121-122).

Finally, the trial court did not abuse its discretion with respect to the prosecutor's cross-examination as it is apparent that those questions went to the motive for the killing *(see, People v Griffin, supra,* at 780). (Appeal from Judgment of Monroe County Court, Connell, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.