**07-0699-cr**
**United States v. Matthews**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2008

(Argued: September 23, 2008                                               Decided: October 7, 2008)

Docket No. 07-0699-cr

_____

UNITED STATES OF AMERICA,

*Appellee*,

–v.–

MICHAEL MATTHEWS,

*Defendant-Appellant*.

_____

Before:

WESLEY, HALL, and GIBSON,[1] *Circuit Judges*.

Appeal from an order of the United States District Court for the Northern District of New York (Hurd, J.) convicting Michael Matthews on charges of conspiracy to commit bank robbery and bank robbery, respectively, 18 U.S.C. §§ 371 and 2113(a), and sentencing Matthews to life in prison pursuant to 18 U.S.C. § 3559(c)(1)(A)(i) because the conviction at issue and Matthews' two prior robbery and bank robbery convictions were serious violent felonies that involved the use or threatened use of a firearm. The district court rejected Matthews' attempt to prove by clear and convincing evidence under 18 U.S.C. § 3559(c)(3)(A) that two of his felony

_____

[1]The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

1

convictions were not serious violent felonies because they did not involve the actual use of firearms but instead objects disguised as firearms. Matthews appealed the conviction. He argues that it is unconstitutional to shift the burden to the defendant to prove his current and prior convictions were not serious violent felonies, that even if the burden shifting was constitutional, requiring proof by clear and convincing evidence was not, and that § 3559(c)(3)(A) violated the Sixth Amendment under *Apprendi*. Matthews also raises another due process claim related to the fairness of his trial that he first raised in an untimely motion to set aside the verdict. We hold that shifting the burden to the defendant under § 3559(c)(3)(A) is constitutional, and because Matthews did not prove by a preponderance of the evidence that his felonies were not serious, we refrain from addressing the constitutionality of the clear-and-convincing standard. Matthews' *Apprendi* claim is foreclosed by our case law. We find no error in the district court's rejection of Matthews' fair-trial due process claim as untimely. Accordingly, we affirm the conviction and sentencing.

AFFIRMED.

---

APPELLANT'S COUNSEL, Julia Pamela Heit, New York, New York, *for Defendant-Appellant*.

APPELLEE'S COUNSEL, Andrew T. Baxter, Acting United States Attorney for the Northern District of New York, Syracuse, New York (Edward R. Broton, Of Counsel, Assistant United States Attorney for the Northern District of New York, Syracuse, New York), *for Appellees*.

---

PER CURIUM:

Michael Matthews appeals both his conviction of charges of bank robbery and conspiracy to commit bank robbery as well as his life sentence imposed under three-strikes sentencing law, 18 U.S.C. § 3559(c)(1)(A)(i), by the United States District Court for the Northern District of New York (Hurd, J.). Matthews claims that the burden placed on defendants, under 18 U.S.C. § 3559(c)(3)(A), to prove that prior convictions were not serious violent felonies within the meaning of the statute for the purpose of avoiding a life sentence, is unconstitutional. He also

claims that even if this burden shifting is constitutional, § 3559(c)(3)(A)'s requirement that the defendant meet his burden of proof by clear and convincing evidence is too stringent and is therefore unconstitutional. Finally, he claims § 3559(c)(3)(A) is unconstitutional under *Apprendi*. We disagree with Matthews' first claim, refrain from deciding the second, and find the third settled by our case law.

Matthews also claims that his right to a fair trial was violated when he was seen by a juror while he was being escorted in handcuffs and prison clothes through the courthouse by marshals. Matthews raised this issue in an untimely motion to set aside his guilty verdict. We find that the single instance of arguably inappropriate exposure of the defendant to a single juror outside the courtroom was harmless error, and thus we affirm the district court's decision to deny as untimely the defendant's motion to set aside the verdict on that basis.

Accordingly, we affirm the conviction and sentence.

**Background**

Michael Matthews was convicted of conspiring to rob and robbing three banks in 2003. *See* 18 U.S.C. §§ 371, 2113(a). In two of the three robberies Matthews threatened bank employees and patrons with a hand drill disguised to look like a gun. Matthews had previously been convicted of at least two felonies. In 1983, Matthews was convicted of first degree robbery under New York Penal Law § 160.15, after he, armed with a handgun, robbed patrons of a bar. *See People v. Matthews*, 68 N.Y.2d 118, 123 (1986) (affirming Matthews' first adult conviction). In 1993, Matthews was convicted in federal court of conspiracy to commit bank robbery and bank robbery for robbing a bank with a water pistol disguised as a handgun. 18 U.S.C. §§ 371,

3

2113; *See United States v. Matthews*, 20 F.3d 538, 553-54 (2d Cir. 1994) (affirming Matthews' second conviction). At Matthews' sentencing hearing for his most recent conviction, the district court (Hurd, J.) found that Matthews' two prior convictions and current conviction were "serious violent felonies" within the definition of 18 U.S.C. § 3559(c)(2)(F)(i)[2] and as such qualified Matthews for a mandatory life sentence under 18 U.S.C. § 3559(c)(1)(A)(i).[3] Matthews contended that the 1993 and 2003 bank robberies were not serious violent felonies because no firearms were used and therefore there could have been "no threat of use of a firearm." 18 U.S.C. § 3559(c)(3)(A);[4] The court rejected Matthews' argument, believing that Congress intended the statute to include felons who use devices resembling firearms "to create the impression that the object being used by the defendant . . . in th[e] robbery was a weapon." *Supp. A. for Gov't* at 85. Matthews' 1993 and 2003 bank robberies qualified as serious violent felonies

---

[2]**18 U.S.C. § 3559(c)(2)(F)** the term "serious violent felony" means—
(i) a Federal or State offense, by whatever designation and wherever committed, consisting of . . . robbery (as described in section 2111, 2113, or 2118); . . . or attempt, conspiracy, or solicitation to commit any of the above offenses.

[3]**18 U.S.C. § 3559(c)(1)** Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if–
(A) the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of–
(i) 2 or more serious violent felonies.

[4]**18 U.S.C. § 3559(c)(3)(A)** Robbery, an attempt, conspiracy, or solicitation to commit robbery; or an offense described in paragraph (2)(F)(ii) shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that—
(i) no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and
(ii) the offense did not result in death or serious bodily injury (as defined in section 1365) to any person.

for § 3559(c)(1)(A)(i) because Matthews had disguised a water pistol as a firearm in the 1993 bank robbery and a hand drill in the 2003 bank robberies. The district court accordingly sentenced Matthews to life.

In a motion to set aside the verdict filed two months after conviction, Matthews claimed his due process right to a fair trial had been violated because a juror had seen him being escorted by marshals while he was handcuffed and in prison clothes. The court dismissed the claim as untimely.

Matthews appeals to this Court, arguing that: (1) the requirement of § 3559(c)(3)(A) violates his due process rights in that it shifts the burden of proof to him to establish that his prior convictions (which collectively mandate a life sentence) were not serious violent felonies as defined by the statute; (2) even if the burden-of-proof shift is constitutional, the clear-and-convincing standard violates due process and equal protection; and (3) § 3559(c)(3)(A) violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Matthews also asserts a due process violation with regard to the juror-prison-garb incident.

We join eight other circuits in upholding the constitutionality of the statute's allocation of the burden to a defendant to prove that his convictions do not qualify as serious violent felonies in order to avoid a life sentence under the three-strikes statute. We need not address whether the clear-and-convincing standard is constitutional because even under a lesser standard of proof Matthews cannot prove that his convictions were not serious violent felonies. We find Matthews' *Apprendi* claim foreclosed by our case law. Finally, we agree with the district court that Matthews' fair-trial due process claim was untimely, and analyzing the underpinnings of that

claim for harmful error and finding none, we need not disturb that ruling.

**Discussion**

Because Matthews did not raise his due process objection below, this Court reviews his appeal for plain error. *See United States v. Brown*, 352 F.3d 654, 664 (2d Cir. 2003); Fed. R. Crim. P. 52(b). *Cf. United States v. Johnson*, 181 F.3d 83 (2d Cir. 1999) (Summary Order) (finding a district court did not commit plain error by its failure, sua sponte, to find unconstitutional the three-strikes burden-of-proof scheme because "[t]here have been no decisions in this circuit on this issue, and other circuits have only begun to consider it").

Matthews claims first that § 3559(c)(3)(A) violates due process by shifting the burden onto the defendant to prove that he did not commit a serious violent felony, and second, that even if the burden-of-proof shift is constitutional, making a defendant prove by clear and convincing evidence that one of the § 3559(c)(1)(A)(i) qualifying crimes was not a "serious violent felony" violates due process.

Where no fundamental right is at issue, there is no doubt that the legislature may assign to defendants burdens of proof with regard to affirmative defenses. *See Patterson v. New York*, 432 U.S. 197, 207-08 (1977). *Cf. Cooper v. Oklahoma*, 517 U.S. 348, 367 (1996). If the government has proven all elements of the crime beyond a reasonable doubt, reallocating the burden of proof in an affirmative defense does not violate due process. *Patterson*, 432 U.S. at 205-06. Likewise, statutes placing the burden on the defendant to prove invalidity of prior convictions in order to avoid sentence enhancement based on recidivism are also constitutional. *Parke v. Raley*, 506 U.S. 20, 26-27 (1992). In *Parke* the Court noted that "even when a collateral attack on a final

6

conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant." *Id.* at 31. However, where a fundamental right is involved, a statute may not require that the defendant shoulder a burden of proof higher than a preponderance of the evidence. *Cooper*, 517 U.S. at 362.

This Court has never considered whether the clear-and-convincing burden of proof placed on defendants under § 3559(c)(3)(A) involves a fundamental right. On one occasion we expressly reserved the issue to a future panel. In *United States v. Snype*, the district court convicted Snype of conspiracy to commit bank robbery and sentenced him to life imprisonment pursuant to 18 U.S.C. § 3559(c)(1)(A)(i). 441 F.3d 119, 125 (2d Cir. 2006). The sentence was based on his then-current conviction of a serious violent felony and three other serious violent felonies. *Id.* at 144. Snype argued that requiring him to prove by clear and convincing evidence that his convictions, current or prior, were nonqualifying under §3559(c)(3) to avoid a life sentence under § 3559(c)(1)(A)(i) violated his due process rights. *Id.* at 145. The Court held that the evidence of the use of firearms was so compelling that, regardless of the burden of proof and upon whom it was placed, it was inconceivable that any court could find that the conviction did not qualify as a serious violent felony. *Id.* at 146. Therefore the Court explicitly reserved on the due process claim. *Id.* at 146 n.21. It did note, however, that *Cooper* did not support Snype's due process argument. "As *Cooper* recognized, there is a significant distinction between the burden of proof that may fairly be assigned to a defendant with respect to a fundamental right . . . and the burden that may be assigned with respect to a statutory privilege that Congress is under no obligation to afford, such as a privilege to avoid an enhanced sentence on a showing of

7

specified mitigating circumstances." *Id.* (internal citation omitted).

Other circuits have addressed the constitutionality of § 3559(c)(3)(A)'s burden shifting and the clear-and-convincing standard. All eight circuits that have addressed the first issue have found that § 3559(c)(3)(A) may shift the burden of proof to the defendant. Each based their holdings on the principles originating from *Patterson* and *Parke* that Congress may place the burden of proof on defendants when creating statutory rights. *See United States v. Contreras*, 536 F.3d 1167, 1173-74 (10th Cir. 2008); *United States v. Bradshaw*, 281 F.3d 278, 296-97 (1st Cir. 2002); *United States v. Davis*, 260 F.3d 965, 970 (8th Cir. 2001); *United States v. Gray*, 260 F.3d 1267, 1279 (11th Cir. 2001); *United States v. Ferguson*, 211 F.3d 878, 886-87 (5th Cir. 2000); *United States v. Gatewood*, 230 F.3d 186, 190 (6th Cir. 2000); *United States v. Kaluna*, 192 F.3d 1188, 1196 (9th Cir. 1999); *United States v. Wicks*, 132 F.3d 383, 388-89 (7th Cir. 1997). For the reasons expressed by these circuits, we join them.

Likewise, all four circuits that have examined the shifting of the burden of proof to the defendant to establish an affirmative defense to a sentencing enhancement by clear and convincing evidence have found it to be constitutional. *See United States v. Gurule*, 461 F.3d 1238, 1249 (10th Cir. 2006); *Bradshaw*, 281 F.3d at 294-95; *Gatewood*, 230 F.3d at 191; *Ferguson*, 211 F.3d at 886-87. We need not reach this issue, however, because Matthews cannot show even by a preponderance of the evidence that the robberies at issue, or Matthews' past felonies, did not involve the "threat of use of a firearm or other dangerous weapon . . . ." 18 U.S.C. § 3559(c)(3)(A)(i).

Matthews did not rebut the testimony from witnesses at the second of the robberies at

issue that they saw him with "a gun in hand," and heard him say that "nobody [would] get hurt" if they obeyed his commands, or the testimony of his accomplice that a hand drill, disguised with black tape, was used during the robbery. At sentencing, Matthews' counsel conceded Matthews had used a hand drill disguised as a gun to intimidate victims during the robbery. Regarding the two prior convictions, defense counsel conceded that Matthews used a handgun in his 1983 robbery and used a water pistol that looked like a weapon to intimidate his victims in his 1993 bank robbery. We agree with the district court that it is irrelevant for purposes of analysis under § 3559(c)(3)(A)(i) whether or not the object Matthews brandished was actually a handgun where Matthews used the object to create the impression that he was committing the robbery with a weapon. *See Matthews*, 20 F.3d at 553-54 (holding that the district court properly treated defendant brandishing a toy gun as having carried a "dangerous weapon" for purposes of sentencing enhancement) (involving Matthews' 1993 robbery conviction, one of the § 3559(c)(1)(A)(i) prior convictions at issue).

As to Matthews' *Apprendi* claim, we find it foreclosed by our case law. *See Snype*, 441 F.3d at 147-49. We also reject Matthews' due process argument, raised for the first time in a motion filed after the jury's verdict, based on a juror seeing Matthews being escorted through the courthouse by marshals in handcuffs and prison clothes.[5]

_____

[5]Matthews filed his motion to set aside the verdict on this ground two months after his conviction, well after the seven-day time limit for such a motion. *See* Fed. R. Crim. P. 29(c)(1). Therefore, the district court had the discretion to deny his motion for untimeliness, *see United States v. Idowu*, 74 F.3d 387, 391 n.3 (2d Cir. 1996), and unless the court committed plain error, we will not disturb the denial. *See United States v. Gore*, 154 F.3d 34, 42 (2d Cir. 1998); Fed. R. Crim. P. 52(b).
A defendant's due process right to a fair trial is violated if the defendant is made "to stand

**Conclusion**

The district court's order convicting and sentencing Matthews is hereby AFFIRMED.

---

trial before a jury while dressed in identifiable prison clothes . . . ." *Estelle v. Williams*, 425 U.S. 501, 512 (1976); *see also United States v. Hurtado*, 47 F.3d 577, 581 (2d Cir. 1995) (applying *Estelle* to federal court). While the right to a fair trial may be a substantial right, for plain error analysis this Court determines whether the alleged error of the district court, namely denying Matthews' motion to set aside the verdict, prejudicially affected that substantial right. *See United States v. Fell*, 531 F.3d 197, 209 (2d Cir. 2008); *see also Gore*, 154 F.3d at 43 (noting an error is plain if it is "so egregious and obvious as to make the trial judge and prosecutor derelict in permitting it").

This inquiry goes to the substance of the alleged violation: whether the error of allowing a juror to see Matthews being escorted by marshals through the courthouse in handcuffs and prison clothes once prior to conviction violated the right to a fair trial or whether such error was harmless beyond a reasonable doubt. *See Hurtado*, 47 F.3d at 581. In *Hurtado*, this Court determined that allowing the jury to see a defendant in prison clothes during the first day of trial was harmless error considering the length of time the defendant spent in prison clothes in view of the jury and the weight of the evidence against him. *Id.* at 582. Matthews' alleged violation is even less egregious than the violation in *Hurtado*. Matthews did not appear in prison clothes or handcuffs at trial, he was only seen by one juror, and the juror only saw him for a short time as he was escorted through the building. This does not rise to the level of an egregious violation of the rights articulated in *Estelle*, any error in allowing the juror to see Matthews was harmless, and therefore the district court did not err in denying Matthews' motion to set aside the verdict.

10