*United States v. Matthews*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand twenty-three.

PRESENT:    Reena Raggi,
            Richard C. Wesley,
            Steven J. Menashi,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee*,

   v.                                               Nos. 20-2019, 20-3218

MICHAEL MATTHEWS,

     *Defendant-Appellant*.

_____

*For Appellee*:                          Cyrus P.W. Rieck and Carina H. Schoenberger, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

*For Defendant-Appellant*:            Jeffrey R. Parry, Fayetteville, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the orders of the district court of June 17, 2020, and September 2, 2020, are **AFFIRMED**.

Defendant-Appellant Michael Matthews appeals from the orders denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly known as a motion for compassionate release, and his motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I

In 2006, a jury found Matthews guilty of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371, and bank robbery, in violation of 18 U.S.C. § 2113(a). At sentencing, the district court concluded that Matthews qualified as a career offender under the Sentencing Guidelines, *see* U.S.S.G. § 4B1.1, and was subject to a mandatory life sentence under 18 U.S.C. §§ 2113 and 3559(c). The district court sentenced Matthews to life terms of imprisonment on both counts, to be served concurrently. We affirmed the conviction on direct appeal. *United States v. Matthews*, 545 F.3d 223 (2d Cir. 2008).

In 2009, Matthews filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in which he asserted a claim of ineffective assistance

2

of counsel because his attorney had hired, as an investigator for the defense, a former police officer with whom Matthews had a prior negative relationship. The district court denied the motion. On appeal, we vacated the judgment and remanded the case because the district court failed to conduct a hearing with respect to the ineffective assistance of counsel claim. *Matthews v. United States*, 682 F.3d 180 (2d Cir. 2012).

On remand, following an evidentiary hearing, the district court granted Matthews's § 2255 motion with respect to the sentence on his bank robbery conviction. The district court then dismissed the bank robbery count but did not modify the life sentence imposed pursuant to the remaining conviction for conspiracy to commit bank robbery.

On April 29, 2020, Matthews, proceeding *pro se*, moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) "due to the COVID 19 pandemic." App'x 9. Matthews argued that he was at risk of contracting the virus because he is "black," "68 years of age," and has "underlying health issues that include hypertension that could result in[] blood clots [and] embolism." *Id.*

In opposition, the government argued that Matthews's age, race, and medical condition did not qualify as extraordinary and compelling reasons warranting release. The government noted that while the Centers for Disease Control and Prevention had recognized *pulmonary* hypertension as an increased risk factor, it had not so recognized hypertension, the condition Matthews identified in his motion. *Id.* at 58-60.

The government further argued that the district court should deny Matthews's motion even if he had demonstrated extraordinary and compelling reasons for release because he remained "a danger to the safety of … the community" and "the § 3553(a) factors do not warrant a reduction in sentence." *Id.* at 60 (internal quotations marks and citations omitted). The government described Matthews's violent criminal history, identified supervised release violations and prison infractions, and advised that Matthews presented a

"medium risk" for recidivism. *Id.* at 60-61. The government argued that granting the motion would be inconsistent with the § 3553(a) sentencing factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense and to afford adequate deterrence, and to protect the public from further crimes of the defendant. *Id.* at 61.

The district court denied Matthews's motion in a short order: "According to defendant's submission, his ethnicity warrants his immediate release from the custody of the Bureau of Prisons ("BOP") in light of the danger posed by the COVID-19 pandemic. ... Upon review of the briefing, Matthews's motion is DENIED for substantially the reasons set forth in the Government's opposition memorandum." *Id.* at 1-2.

Matthews moved for reconsideration. The government acknowledged in response that it had overlooked a reference in Matthews's medical records to pulmonary hypertension, which could establish an extraordinary and compelling reason warranting early release. The government nevertheless maintained that the district court should deny Matthews's motion for compassionate release based on the § 3553(a) sentencing factors. The district court issued an order denying Matthews's motion for reconsideration without explanation. Matthews filed timely notices of appeal and a counseled appellate brief.

**II**

We "review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). After "considering the factors set forth in section 3553(a)," a district court "may reduce" a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). Application of the § 3553(a) factors can provide an independent ground for denying a motion for compassionate release,

4

even if the court assumes the existence of extraordinary and compelling circumstances. *See United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021).

The district court denied Matthews's motion "for substantially the reasons set forth in the Government's opposition memorandum." App'x 2. Initially, the government had argued that Matthews's conditions did not qualify as "extraordinary and compelling reasons" and that the application of the § 3553(a) sentencing factors did not warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A). In supporting Matthews's motion for reconsideration but opposing his motion for compassionate release, the government conceded that Matthews's condition of pulmonary hypertension amounts to an extraordinary and compelling reason but maintained that the § 3553(a) factors still counseled against a sentence reduction. The district court denied the motion for reconsideration without explanation. The district court's failure to explain the basis for its decisions, particularly its denial of reconsideration, is troubling. *See United States v. Granger*, No. 21-423, 2022 WL 1132495, at *2 (2d Cir. Apr. 18, 2022). While the district court's "explanation need not be lengthy," its failure to provide any rationale for its ruling makes it difficult to "conduct[] meaningful appellate review." *United States v. Young*, 998 F.3d 43, 56 (2d Cir. 2021) (internal quotation marks omitted).

Nevertheless, we conclude that the district court did not abuse its discretion in denying Matthews's motions because we understand the district court to have relied on the government's argument that the § 3553(a) factors counseled against any reduction in sentence. These factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense and provide just punishment, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). We presume that a sentencing judge has considered "all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *United States v. Smith*, 982 F.3d 106, 111 (2d Cir. 2020) (quoting *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020)).

5

In its opposition to Matthews's motion for a sentence reduction, the government reviewed Matthews's violent criminal history, which included burglary, criminal possession of stolen property, robbing a bar with a handgun and firing multiple shots at officers, and robbing several banks. App'x 61. In addition, the government reviewed Matthews's infractions while incarcerated, his failure to abide by the conditions of his parole and supervised release, the medium risk of recidivism, and his demonstrated lack of remorse or acceptance of responsibility for his crimes. *Id.* at 60-62. Given this record, the district court did not abuse its discretion in concluding that the sentencing factors counseled against release.

Matthews argues that the district court "erred by interpreting Matthews's reference to his race ... as the basis for his request for release." Appellant's Br. 7-8. While Matthews did not move for compassionate release solely on the basis of his race, we conclude that any error in characterizing his motion was harmless because the district court acted within its discretion in denying the motion based on the applicable § 3553(a) factors.

Matthews also argues that the district court "failed to utilize and delineate the tenets of ... § 3553 in that it made no reference to the sentencing factors whatsoever." *Id.* at 5. However, the district court explained that it denied the motion "for substantially the reasons set forth in the Government's opposition memorandum." App'x 1-2. Upon review of those reasons, we conclude that the district court did not abuse its discretion in denying Matthews's motion.

\* \* \*

We have considered Matthews's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We also grant, *nunc pro tunc,* the government's motion to supplement the record and to file its supplemental appendix partially under seal. Motion to Supplement the Record on Appeal and File a Government Appendix Under Seal, *United States v. Matthews*, No. 20-2019 (2d Cir. Oct. 28, 2021), ECF No. 121.