■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY BRYANT, Appellant.—Main, J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered March 16, 1984, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

In August 1983, while defendant was an inmate at Elmira Correctional Facility, Correction Officer Michael Waychuk performed a pat frisk of defendant and found a sharpened metal shank in his pocket. Defendant was charged with promoting prison contraband in the first degree. After a suppression hearing, County Court allowed the People to introduce the shank into evidence at trial. Thereafter, defendant requested that the jury be charged with the crime of promoting prison contraband in the second degree in addition to the crime charged. County Court refused to so charge the jury,

which found defendant guilty of promoting prison contraband in the first degree.

Defendant first argues that Waychuk lacked reasonable cause to search defendant and, consequently, the sharpened metal shank should not have been allowed into evidence. We disagree. According to Waychuk, defendant was allowed to return to his cell from a different area of the prison in order to change his pants. However, when defendant came out of his cell, he was still wearing the pants that he had claimed he wanted to change and was carrying over his arm a different pair of pants. Waychuk stated that this aroused his suspicion and prompted him to frisk defendant. We conclude that, in view of defendant's behavior and the prison context in which it took place, Waychuck's suspicion was reasonable, and County Court properly allowed the shank to be introduced into evidence (see, People v Griffith, 94 AD2d 850, 851; see also, Storms v Coughlin, 600 F Supp 1214, 1218-1219).

We turn next to defendant's argument that County Court erred by refusing to charge the jury with regard to the crime of promoting prison contraband in the second degree. This argument is unpersuasive. To establish entitlement to a lesser included offense charge, a defendant must show, inter alia, that "there is a reasonable view of the evidence in the particular case that would support a finding that he committed the lesser offense but not the greater" (People v Glover, 57 NY2d 61, 63). Here, a reading of the pertinent statutes shows that an inmate is guilty of promoting prison contraband in the second degree, the lesser offense, when "he knowingly and unlawfully makes, obtains or possesses any contraband" (Penal Law § 205.20 [2]). In contrast, an inmate is guilty of promoting prison contraband in the first degree, the greater offense, when "he knowingly and unlawfully makes, obtains or possesses any *dangerous* contraband" (Penal Law § 205.25 [2] [emphasis supplied]). Contraband is dangerous when its use "may endanger the safety or security of a detention facility or any person therein" (Penal Law § 205.00 [4]). Clearly, a sharpened metal shank, which may be used as a weapon, falls within the definition of dangerous contraband (People v Miller, 106 AD2d 787, 789). Accordingly, there is no reasonable view of the evidence that would support a finding that defendant committed the lesser offense but not the greater (see, People v Glover, supra), and County Court properly refused to charge the jury on the lesser offense.

Finally, defendant contends that the sentence imposed by County Court was harsh and excessive. That sentence, 3 to 6

years' imprisonment, was to run consecutively with the sentence that he was then serving. We note that the sentence imposed upon defendant, a predicate felon, was within the statutory limits. Moreover, contrary to defendant's position on appeal, County Court was statutorily required to make the sentence that it imposed run consecutively to the sentence that defendant was then serving (Penal Law § 70.25 [2-a]).

Judgment affirmed. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.