■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL HAMMOND, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered December 9, 1985, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

During a random pat frisk of defendant, an inmate at Elmira Correctional Facility, a pen with a piece of sharpened metal approximately two inches long melted into the top was found in his possession. Defendant was thereafter indicted by a Chemung County Grand Jury and charged with promoting prison contraband in the first degree.

During voir dire, it was disclosed that one member of the panel of prospective jurors, William Van Wert, had been employed for 30 years as a correction officer at Elmira Correctional Facility until he retired in 1978. Defense counsel challenged other members of the panel for cause on the basis of their connections with the Department of Correctional Services but did not challenge Van Wert.

In the course of the trial, the prosecution attempted to call an unexpected witness, another correction officer. Van Wert disclosed that he knew this officer and, out of the presence of the jury, stated that this acquaintanceship led him to believe that the prospective witness was generally trustworthy and credible. Defendant moved for a mistrial, the prosecution withdrew the witness and County Court denied the motion for mistrial. The jury found defendant guilty as charged. Prior to sentencing, defendant moved to set aside the verdict on the ground of improper juror conduct based on an affidavit of a juror complaining of comments allegedly made during deliberations by Van Wert. County Court denied the motion and sentenced defendant as a predicate felon to an indeterminate prison term of 2½ to 5 years. This appeal ensued.

There should be an affirmance. Defendant's contention that County Court erred in denying defendant's motion to set aside the verdict for juror misconduct is without merit. The affidavit of the complaining juror alleged that Van Wert stated, among other things, that "defendant's guilt [is] obvious since all inmates [are] guilty". The affidavit does no more than attribute indiscreet remarks to Van Wert and does not indicate that Van Wert impermissibly influenced other jurors or that he attempted to do so. Generally, only where there is a showing

of the injection of improper outside influences into the jurors' deliberations will postverdict affidavits be considered for the purpose of impeaching a jury verdict *(see, People v De Lucia,* 20 NY2d 275). No such improper influence is demonstrated here.

Further, a postverdict objection to a juror will only be considered where a defendant shows that the grounds for the challenge were unknown to him beforehand and would not have been disclosed by a proper inquiry during voir dire *(People v Albright,* 104 AD2d 508, *revd on other grounds* 65 NY2d 666). Van Wert disclosed his prior employment with the Department of Correctional Services and made known his acquaintanceship with the proposed witness. Despite the knowledge of Van Wert's background and the opportunity to do so, defense counsel chose not to challenge Van Wert's placement on the jury. Thus, County Court did not err in denying defendant's postverdict motion to set aside the verdict on grounds of juror misconduct.

Defendant's argument that County Court erroneously denied his request to charge the jury that it could find defendant guilty of promoting prison contraband in the second degree as a lesser included offense is also without merit. The two offenses differ only in that promoting prison contraband in the first degree requires that the contraband be " 'Dangerous contraband' " (Penal Law § 205.00 [4]), while general " 'Contraband' " (Penal Law § 205.00 [3]) is all that is needed for a conviction of promoting prison contraband in the second degree. County Court properly ruled that no reasonable view of the evidence would support a finding that the device defendant was carrying was not dangerous *(People v Bryant,* 115 AD2d 908, *lv denied* 67 NY2d 881; *see, People v Glover,* 57 NY2d 61).

Defendant's final contention that the sentence imposed was unduly harsh and excessive is rejected. Sentencing rests within the discretion of the trial court and will not be disturbed upon review absent a showing of abuse *(People v Dittmar,* 41 AD2d 788). No such abuse is demonstrated in this case.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.