■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH JONES, Appellant.—Levine, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered January 11, 1991, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

While incarcerated at Elmira Correctional Facility in Chemung County in April 1990, defendant was instructed by a correction officer to exit his cell and was escorted off the gallery. In preparation for a search of defendant's person, the

officer directed defendant to empty his pockets, which contained a folded tuna can lid. As a result, defendant was subsequently indicted on one count of promoting prison contraband in the first degree. The matter proceeded to trial where defendant was convicted as charged and sentenced as a second felony offender to a term of imprisonment of 2½ to 5 years. This appeal followed.

Defendant's first contention on appeal is that County Court erred in refusing to grant his request to charge promoting prison contraband in the second degree as a lesser included offense. This claim is unavailing. A lesser included offense charge should be given only where a reasonable view of the evidence supports a finding that the defendant committed the lesser offense but not the greater (see, People v Glover, 57 NY2d 61, 63). A reading of the statutes at issue here indicates that they differ only in that the lesser offense of promoting prison contraband in the second degree requires proof that an inmate knowingly and unlawfully made, obtained or possessed "any contraband" (Penal Law § 205.20 [2]), whereas the greater offense of promoting prison contraband in the first degree requires proof that the contraband was *"dangerous* contraband" (Penal Law § 205.25 [2] [emphasis supplied]). The Penal Law defines contraband as "any article or thing which a person confined in a detention facility is prohibited from obtaining or possessing by statute, rule, regulation or order" (Penal Law § 205.00 [3]) and dangerous contraband as "contraband which is capable of such use as may endanger the safety or security of a detention facility or any person therein" (Penal Law § 205.00 [4]).

The trial testimony in this case established that, although an inmate is permitted to possess a can lid in his cell for purposes of removing it from the can and throwing it away, both the alteration of a can lid and the possession of such a lid by an inmate outside of his cell are prohibited by rules of the Department of Correctional Services. The testimony of correction officers at the facility also established that an altered can lid could be used as a weapon. In view of the foregoing, we agree with County Court that no reasonable view of the evidence supported a finding that defendant possessed contraband and not dangerous contraband (see, People v Hammond, 132 AD2d 849, 850, lv denied 70 NY2d 875; People v Bryant, 115 AD2d 908, 909, lv denied 67 NY2d 881). Thus, the court properly refused to charge the lesser offense.

Next, we reject defendant's claim that County Court erred in failing to hold a hearing pursuant to CPL 400.21 (5). The

People served a second felony offender information alleging that defendant had been convicted of robbery in the first degree in March 1989. At the time of sentencing, defense counsel stated that defendant did not challenge either the factual allegations of the information or the constitutional validity of the conviction. He did, however, state that defendant believed that he may have been adjudicated a youthful offender. The People informed County Court that they had nothing in their records to that effect. After being advised by the court that he would not be deemed a second felony offender if he had been adjudicated a youthful offender, defendant stated that he did not know and insisted that he be sentenced "so I can get out of here". Defendant then admitted that he was convicted of the prior felony alleged and sentenced to 2½ to 7½ years' imprisonment. Under these circumstances, defendant's vague assertion regarding possible youthful offender status was insufficient to warrant a hearing (see, *People v Betheny*, 147 AD2d 488, 489; see also, *People v Williams*, 106 AD2d 786, 786-787).

We have examined defendant's remaining contentions, including his assertion that the sentence imposed by County Court was harsh and excessive, and find them to be without merit.

Weiss, P. J., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.