■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL F. DUFFY, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered May 9, 1991, upon a verdict convicting defendant of the crime of vehicular manslaughter in the second degree.

On the evening of January 11, 1991 defendant's van, in which defendant and Jeanette Cotugno had left a bar a few minutes earlier, left the roadway, hitting a tree and a rock outcropping before falling off a 30-foot ledge. Shortly after the accident, defendant was discovered walking in the woods; Cotugno, who was found in the back of the van covered with various tools and other material that had been in the van, eventually died of her injuries. Not only did defendant tell an ambulance operator that he had been driving the van, but he reiterated this admission when initially questioned by a Deputy Sheriff at the hospital and again when he was later confronted with information that Cotugno had been driving. Defendant was arrested for driving while under the influence of alcohol and a blood test revealed a blood alcohol content of .15%.

In due course defendant was convicted of vehicular manslaughter in the second degree (Penal Law § 125.12). Postverdict motions for County Court to recuse itself and to set aside the verdict pursuant to CPL 330.30 were denied. Defendant was sentenced to an indeterminate term of imprisonment of 2⅓ to 7 years. Defendant appeals. We affirm.

Reviewing the record evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we are satisfied that the verdict was supported by sufficient evidence and was not against the weight of the evidence. Although defendant's expert opined that the nature of defendant's and Cotugno's injuries and the accident itself suggest that Cotugno was driving the van, defendant's corroborated admissions that he was indeed the driver justify the jury's conclusion to the same effect. Defendant's intoxication at the time of the accident is established by witness testimony and the blood alcohol

test. That defendant was driving the van is corroborated by the People's expert's testimony that hair from the passenger side molding in the interior of the van had the same microscopic characteristics as the animal hair of Cotugno's coat and that the hair on the windshield where it was broken by impact with the driver was not Cotugno's *(see, People v Booden,* 69 NY2d 185, 187). Regarding the testimony of defendant's expert that the head injury defendant suffered might have affected the reliability of his statements and the testimony of other witnesses that defendant appeared disoriented after the accident, it suffices to note that this testimony was contradicted by testimony that defendant was alert, lucid and able to carry on a conversation following the accident. The jury, exercising its prerogative to resolve matters of credibility *(see, People v Lockerby,* 178 AD2d 805) and conflicting proof *(see, People v Lewis,* 165 AD2d 901, 902, *lv denied* 76 NY2d 1022), and the right to accept or reject the opinion of any expert *(see, People v Kasten,* 175 AD2d 884; *see also, People v Jackson,* 65 NY2d 265, 272-273), not unreasonably concluded that defendant was guilty of vehicular manslaughter in the second degree. We are satisfied that, in doing so, the jury gave the evidence the weight it should be accorded *(see, People v Bleakley,* 69 NY2d 490, 495).

Unavailing is defendant's claim that he was denied a fair trial because of claimed juror misconduct. That a juror allegedly told the other jurors that, based on her experience as an insurance company employee, she felt that 50% of the people involved in automobile accident claims were not truthful and that defendant was lying, did not amount to improper influence *(see, People v Brown,* 48 NY2d 388, 393; *see also, People v Morales,* 121 AD2d 240, 241-242); these comments were personal opinion based on background experience, not on specific observations of defendant or the crime scene outside the courtroom *(see, People v Hammond,* 132 AD2d 849, 849-850, *lv denied* 70 NY2d 875; *cf., People v Brown, supra,* at 394-395; *see, People v Thomas,* 184 AD2d 1069). Defendant's other arguments respecting juror misconduct are either unpreserved, not having been raised before County Court, or lacking in merit *(see, People v Hentley,* 155 AD2d 392, 393, *lv denied* 75 NY2d 919; *People v Hammond, supra,* at 850).

Nor do the facts that the Trial Judge's brother-in-law was a defense witness or that the Judge's wife was allegedly Cotugno's friend warrant reversal in the absence of any statutory disqualification *(see, People v Moreno,* 70 NY2d 403, 405; *Manhattan School of Music v Solow,* 175 AD2d 106, 108-109,

*lv denied, lv dismissed* 79 NY2d 820; *People v Griffiths,* 155 AD2d 777, 779) or any serious question of the Judge's impartiality *(see, People v Gallagher,* 158 AD2d 469, *lv denied* 76 NY2d 735; *People v Rieman,* 144 AD2d 110, 111-112). Also unpersuasive is defendant's contention that a reversal is dictated because of the People's delay in producing *Brady* material, namely, Cotugno's hospital records which indicated that she had been driving the van, until after the People had called their first witness. While the People unquestionably have a duty to disclose exculpatory material in their control, their failure to do so here did not prevent defendant from using the material to cross-examine the People's witnesses or as evidence during his case *(see, People v Cortijo,* 70 NY2d 868, 870; *see also, People v Wilson,* 167 AD2d 946, 947, *lv denied* 77 NY2d 845).

And, in light of the defense set forth—that defendant's admission was a result of a severe head injury and the subsequent memory loss and confusion resulting therefrom— County Court did not abuse its discretion by permitting cross-examination of defendant concerning his statements after the accident regarding his sexual activities with Cotugno and that his wife was home pregnant; given that the crime charged had no relationship to his adulterous behavior, the impeachment value of such testimony outweighed its prejudicial effect *(see, People v Rouse,* 142 AD2d 788, 789).

Weiss, P. J., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Montgomery County for further proceedings pursuant to CPL 460.50 (5).