■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE C. OWENS, Appellant. [595 NYS2d 518] —Appeal by the defendant from a judgment of the County Court, Rockland

County (Nelson, J.), rendered December 18, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (CPL 470.15 [5]).

The defendant contends that the County Court erred in denying his presentence motion pursuant to CPL 330.30 (2) to set aside the verdict on the ground of juror misconduct. We disagree. The motion was based, essentially, on the contention that one juror failed to disclose during the jury voir dire that she knew the defendant. The day after the jury's verdict was rendered, the defendant allegedly recalled that he personally knew this juror, and he related, in his affidavit in support of the motion, his extensive knowledge of the juror's family members, a description of the area of the juror's residence, her automobile, and the family dog. To object successfully to a juror's misconduct after a verdict, a defendant is required to demonstrate that the objectionable conduct was not known to him before the verdict, and that it would not have been disclosed by a proper inquiry before the jury was sworn (see, People v Hammond, 132 AD2d 849; People v Albright, 104 AD2d 508, revd on other grounds 65 NY2d 666). The juror revealed sufficient information during voir dire to allow the defendant to recall the juror's identity at that time. Despite the defendant's ample opportunity to further inquire into this juror's background, he chose not to challenge her placement on the jury and, in fact, actually requested that she be restored to the jury panel under Batson v Kentucky (476 US 79) after the People had used a peremptory challenge to remove her. In our view the County Court did not improvidently exercise its discretion in denying the defendant's motion to set aside the verdict on ground of juror misconduct.

The defendant's remaining contentions are either unpreserved for appellate review or without merit (see, *People v Baldi,* 54 NY2d 137; *People v Medina,* 53 NY2d 951, 953; *People v Robinson,* 133 AD2d 859, 861). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.