■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK HOUGH, Appellant. [621 NYS2d 415] —Casey, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered April 7, 1993, upon a verdict convicting defendant of the crime of grand larceny in the fourth degree.

Defendant accosted the victim when the victim was approaching a store which was his mother's place of employment. As a result of the meeting, the victim was persuaded to submit to a sex act. Following the act, defendant asked to be rewarded and when the victim denied that he had any money, defendant felt for the victim's wallet and took $6 from it. When the victim told his mother about the incident, the mother called the police. The dispatcher who received the call notified Officer Donald Short, who was on patrol in the crime area. Short, who already knew defendant, saw him walking and stopped to talk to him. Defendant voluntarily agreed to accompany Short back to the station to straighten out the complaint that Short said had been received. Short read the *Miranda* warnings to defendant at that time. Without further conversation, Short brought defendant to the station. In the meantime, the victim had gone to the police station where he gave a full statement regarding the incident.

Officer Steven Scarselli, who had interviewed the victim, advised defendant of the sexual abuse complaint, arrested

him, searched his person and seized the $6 that defendant had taken from the victim's wallet. Subsequently, after defendant had again been given the *Miranda* warnings and waived his rights, defendant made two statements in which he admitted walking with and getting the money from the victim, but denied sexual contact. Defendant was charged with sodomy in the first degree, grand larceny in the fourth degree, coercion in the first degree and unlawful imprisonment in the second degree.

County Court denied defendant's motion to suppress his statements and the money seized from his person, finding that the police had probable cause to justify defendant's arrest and the search of his person incidental thereto. After the close of the People's proof at trial, County Court dismissed the sodomy and coercion counts. The jury acquitted defendant of the unlawful imprisonment charge but convicted him on the grand larceny charge. Defendant's motion to set aside the verdict as being against the weight of the evidence was denied and defendant was sentenced to an indeterminate prison term of 1 to 3 years. Defendant appeals.

Contrary to defendant's contention, there is sufficient evidence to support his conviction for grand larceny in the fourth degree. Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), a rational trier of the facts could find a wrongful taking beyond a reasonable doubt. The record shows that defendant searched the victim to find money and took $6 from the victim's wallet without his consent. This evidence is sufficient support for grand larceny in the fourth degree and the verdict was not against the weight of the evidence *(see, People v Duffy,* 185 AD2d 528, 528-529, *lv denied* 80 NY2d 903). Defendant's argument to the contrary only raises credibility issues which were decided against him by the jury.

As to defendant's contention that the prosecution failed to establish probable cause for the arrest, we find such claim untenable in the circumstances. The police dispatcher had initially received on the telephone the full details of the confrontation from the victim's mother. The victim himself went to the station and was fully interviewed by Scarselli. Only after taking the complaint from the victim, to the effect that defendant had committed a sex act on the victim and taken money, did Scarselli place defendant under arrest. Also, prior to defendant's arrest, the dispatcher had advised Short that Scarselli was in the station taking a complaint from the victim and that the possible perpetrator was defendant. When

defendant and Short arrived at the station, Short was advised by Scarselli that the victim was there and that what happened involved a sexual act. Scarselli, as the officer assigned, took over the case. Scarselli stated that the victim was filing charges against defendant when he placed defendant under arrest and searched him. Contrary to defendant's claim that the police lacked probable cause for his arrest and the search incidental thereto, we find that the victim's complaint, the complaint of his mother, the fact that defendant was found in the vicinity of the scene and brought to the station from there, and the fact that defendant's identity as the alleged perpetrator was never in doubt provided the probable cause required for his arrest without a warrant and the search of his person incidental to that arrest.

Accordingly, we affirm defendant's conviction in all respects.

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.