■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD J. WALSH, Also Known as TEFLON, Also Known as ROACH, Appellant. [634 NYS2d 858] —Spain, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered November 8, 1993, upon a verdict convicting defendant of the crimes of murder in the second degree, criminal possession of a weapon in the third degree (two counts) and attempted assault in the second degree.

During the early morning hours of November 7, 1992, Mark Chaves and James Honaker were patrons at the Jade Lounge, a bar located in the Village of Monticello, Sullivan County. Defendant, who is also known as "Teflon" and "Roach", was also at the bar; after an exchange with Chaves and Honaker, in which defendant asked them to accompany him outside, Honaker left the bar to speak to him. An altercation ensued in which defendant allegedly displayed a knife and bit Honaker on the nose. Thereafter, Chaves exited the bar and, during an altercation with defendant, Chaves sustained a single stab wound to the chest and subsequently died.

Defendant was indicted for the crimes of murder in the second degree, attempted assault in the second degree and two counts of criminal possession of a weapon in the third degree. On July 6, 1993 County Court held both a *Wade* hearing and a *Sandoval/ Ventimiglia* hearing and determined that, although the police engaged in a suggestive identification procedure, an in-court identification would be permitted because of an independent basis for identifying defendant. After jury selection defendant requested that he be allowed to waive his presence at the trial; County Court, after a colloquy with defendant on the record and giving defendant until the next day to reconsider, granted defendant's request. Defendant was tried in absentia. Defendant was convicted of all counts of the indictment.

The day after the jury's verdict was rendered, defendant moved pursuant to CPL 330.30 to set aside the verdict, alleging juror misconduct. Because defendant also alleged that his counsel's failure to respond to his attempted contacts prevented him from reporting the alleged juror misconduct to the court before the verdict was rendered, County Court assigned him a new counsel; the court also scheduled a hearing to first determine whether defendant was, because of the neglect of his counsel, unfairly denied the opportunity to present his charge of juror misconduct to the court in a timely fashion. After the hearing County Court denied the motion. Defendant was sentenced as a second felony offender to concurrent terms

of imprisonment of 25 years to life on the murder conviction and $3^{1}/_{2}$ to 7 years on each of the convictions of criminal possession of a weapon in the third degree, and to a consecutive term of imprisonment of 2 to 4 years on the conviction of attempted assault in the second degree. Defendant appeals.

We affirm. Initially we conclude that defendant's contention that he was improperly tried in absentia is without merit. While a defendant has a right to be present at a criminal trial (NY Const, art I, § 6; US Const 6th Amend; CPL 260.20), that right may be waived; such a waiver must be knowingly, voluntarily and intelligently made and the defendant must be informed of the "nature of the right to be present at trial and the consequences of failing to appear for trial * * * [and] be aware that trial will proceed even though he or she fails to appear" (*People v Parker*, 57 NY2d 136, 141 [citations omitted]). The record reveals that defendant requested that he be absent from the trial and that County Court, after instructing him about his right to be present at the trial proceedings and after warning him of the disadvantages of being absent, gave him until the next day to speak further to his counsel and to think about the consequences; the next day, after County Court repeated the colloquy, defendant insisted on being absent and volunteered to sign a waiver which he executed in open court. In light of the thoroughness of the colloquy, it was not error for County Court to proceed in defendant's absence (*see, People v Wallace*, 182 AD2d 1079, 1080, *lv denied* 80 NY2d 839).

We further conclude that defendant's contention that County Court erred by denying his CPL 330.30 motion is also without merit. Defendant alleges that the juror misconduct occurred on July 12, 1993; however, defendant did not inform the court until July 16, 1993, the day after the verdict was rendered. Thereafter County Court held a hearing which included testimony by defendant's counsel and his Legal Aid intern regarding a meeting defendant had with his counsel at the jail between the time of the alleged juror misconduct and before the verdict. A motion pursuant to CPL 330.30 will be denied where the juror misconduct alleged was known to a defendant and the defendant had the opportunity to act on the information but failed to do so prior to the verdict (*see, People v Owens*, 191 AD2d 715, *lv denied* 82 NY2d 757; *People v Hammond*, 132 AD2d 849, *lv denied* 70 NY2d 875; *see also, People v Albert*, 85 NY2d 851). The record reflects that defendant had ample opportunity to either inform his counsel or contact the court, as offered to defendant by County Court in its instruction regarding defendant's request to be absent from the trial; defendant's

failure to avail himself of either opportunity supports County Court's determination.

We also find that the verdict is supported by sufficient evidence. In determining the sufficiency of the evidence we must view " 'the evidence in the light most favorable to the prosecution' " (*People v Contes*, 60 NY2d 620, 621, quoting *Jackson v Virginia*, 443 US 307, 319; *see, People v Thompson*, 72 NY2d 410, 413; *People v Allah*, 71 NY2d 830, 831). Further, we "must determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citations omitted]). At the trial the jury heard testimony which revealed that defendant was harassing Chaves while both were at the Jade Lounge, that defendant stated he was "going to get" Chaves by the end of the night and that he had earlier attempted to stab Honaker. There was also testimony that defendant stabbed Chaves while standing, and when Chaves fell on his back defendant knelt over him and pushed the knife further into his chest. Based upon this testimony, the element of intent could rationally be found by the trier of fact (*see, People v Rivera*, 157 AD2d 540, 542, *lv denied* 76 NY2d 795; *People v Austin*, 106 AD2d 859). Moreover, "viewing the evidence in a neutral light" (*People v Carthrens*, 171 AD2d 387, 392; *see, People v Rose*, 215 AD2d 875, 877, *lv denied* 86 NY2d 801), we are also satisfied that the jury verdict is supported by the weight of the evidence.

We also reject defendant's assertion that County Court erred by allowing witnesses to testify, as a dying declaration exception to the hearsay rule, that Chaves stated after he was stabbed, "Teflon killed me." Within a very short time period the following occurred: Chaves exited the bar and was in an altercation with defendant; Chaves was stabbed and returned to the bar; the wound was severe and Chaves was bleeding heavily; Chaves stated "I'm dying" and responded to a question, "Teflon killed me"; Chaves collapsed and was unable to communicate; Chaves became totally unresponsive and, shortly thereafter, died. Given these facts, County Court properly determined that Chaves' statements were made with " 'a sense of impending death with no hope of recovery' " (*People v Nieves*, 67 NY2d 125, 133).

We have considered defendant's remaining contentions including, *inter alia*, alleged improper comments by the prosecutor during summation, his claim of ineffective assis-

tance of counsel and his assertion that County Court committed error by allowing testimony as to defendant's prior acts, and find each of them to be without merit.

Cardona, P. J., White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.