■ 23 JONES STREET ASSOCIATES, Appellant, v JUDITH K. BERETTA, Respondent. [722 NYS2d 229] —Order, Appellate Term of

the Supreme Court, First Department, entered September 16, 1999, which, in a holdover proceeding involving whether respondent has a right of succession to the subject rent-controlled apartment through her deceased husband, reversed an order, Civil Court, New York County (Shirley Kornreich, J.), entered June 17, 1998, granting petitioner landlord's motion to set aside the jury verdict on the ground of juror misconduct and directing a new trial, and reinstated the verdict, unanimously affirmed, without costs.

The issue at trial was whether respondent had resided in the subject apartment as her primary residence for at least two years prior to her husband's death; the jury determined that she had. Civil Court ordered a new trial upon findings that during deliberations, one of the jurors, who was an attorney, wrongly instructed the jury on the law. Appellate Term reversed, finding that the attorney-juror's reliance on his life experience and professional background, made known during voir dire, was "outside the realm of impermissible influence" (citing, inter alia, Alford v Sventek, 53 NY2d 743, 744-745; People v Duffy, 185 AD2d 528, 529, lv denied 80 NY2d 903). Appellate Term also noted the absence of persuasive evidence that the jurors failed to follow Civil Court's instructions in reaching their verdict, the hearing evidence at most supporting a finding that the attorney-juror's alleged statements caused the jury to ask for clarifying instructions, which were given to the satisfaction of both sides. The record fully supports Appellate Term's conclusions. Specifically, a majority of the jurors either denied that any statements like those described in the sole dissenter's affidavit that initiated the postjudgment proceedings were made by the attorney-juror, or asserted that they understood such statements to be nothing more than such juror's personal belief. In addition, testimony from five of the six jurors provided no basis for inferring any cause and effect relationship between the alleged statements and the changes in the verdict sheet. Thus, as Appellate Term found, any prejudice was vitiated by the trial court's instructions and reinstructions. People v Maragh (94 NY2d 569), where a verdict was set aside for juror misconduct by two nurses, who made comments in the jury room bearing upon a material medical issue in the case that were distinct from and additional to the medical proofs adduced, making them, in effect, unsworn expert witnesses, is distinguishable. Here, the statements by the attorney-juror were not directed at the evidence, but were merely his understanding of the law, on which the jury was properly instructed by the trial court and which instruction the jury is presumed to have followed. Concur—Mazzarelli, J. P., Andrias, Lerner, Saxe and Buckley, JJ.