■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BATISTA CARRALERO, Appellant. [780 NYS2d 245]—

Peters, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered October 28, 2002, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Following a jury trial, defendant was convicted of the crime of promoting prison contraband in the first degree and sentenced as a second felony offender to a prison term of 2½ to 5 years. The conviction arose out of defendant's actions on August 30, 2001 while confined at the Southport Correctional Facility in Chemung County. According to the testimony of Jodi Litwiler and Richard Portalatin, correction officers, defendant was placed in a metal detector chair after being questioned about a previous incident in the prison. When the device indicated that metal was present on defendant's person, Portalatin, pursuant to Litwiler's instruction, conducted a strip search of defendant. As defendant's clothing was being searched, defendant asked Portalatin what would happen if he handed over a "weapon." Before Portalatin responded, defendant threw a package onto the floor which contained pieces of a razor blade, partially secured with electrical tape.

On appeal, defendant contends that his conviction is not supported by legally sufficient evidence and the verdict is against the weight of the evidence because the People failed to prove that the object he possessed constituted "dangerous" contraband, a necessary element of the crime of promoting prison contraband in the first degree (*see* Penal Law § 205.25 [2]).\* He argues that because the recovered razor blade was too dull and small to be used as a weapon, at most, he should have been found guilty of promoting prison contraband in the second degree which does not contain the requirement that the contraband be "dangerous."

Viewing the evidence in a light most favorable to the People, we find that it established, beyond a reasonable doubt, that defendant knowingly and unlawfully possessed dangerous contraband (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Contes*, 60 NY2d 620, 621 [1983]). We further conclude, based upon the credible evidence presented, that the verdict was not contrary to the weight of the evidence. Defendant described the razor as a "weapon" prior to relinquishing it to Portalatin. Additional testimony by the correction officers established the use to which the object could be put and the potential danger it posed to the safety and security of the facility (*see People v Bailey*, 291 AD2d 667, 668 [2002]; *People v Rosario*, 262 AD2d 802, 803 [1999], *lv denied* 93 NY2d 1026 [1999]; *People v Mendoza*, 244 AD2d 815, 816 [1997], *lv denied* 91 NY2d 943 [1998]; *People v Jones*, 185 AD2d 470, 471 [1992], *lv denied* 80 NY2d 975 [1992]).

We further find no error in County Court's failure to sua sponte submit the charge of promoting prison contraband in the second degree to the jury (*see* CPL 300.50 [2]; *People v David*, 255 AD2d 620, 621-622 [1998]; *see also People v Douglas*, 194 AD2d 408, 409 [1993], *lv denied* 82 NY2d 717 [1993]). Defendant did not request the submission of the lesser included charge and, even if he did, no reasonable view of the evidence could have supported its submission (*see People v Jones, supra* at 471; *see also People v Livingston*, 262 AD2d 786, 787 [1999], *lv denied* 94 NY2d 881 [2000]).

Defendant's ineffective assistance of counsel claim is similarly unavailing. Viewing the evidence, the circumstances of the case and the law, in their totality and as of the time of defendant's representation, we find that he received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v*

---

\* Contraband is considered dangerous if it is "capable of such use as may endanger the safety or security of a detention facility or any person therein" (Penal Law § 205.00 [4]).

*Baldi,* 54 NY2d 137, 147 [1981]; *People v Gilliam,* 300 AD2d 701, 701 [2002], *lv denied* 99 NY2d 628 [2003]). Counsel made appropriate pretrial motions, vigorously attempting to suppress the statement made by defendant to the correction officers. At trial, counsel made appropriate evidentiary objections and zealously cross-examined witnesses. As defendant failed to show the absence of a strategic or other legitimate explanation for what he contends was counsel's failure to request a charge on the lesser included offense (*see People v Alston,* 298 AD2d 702, 704 [2002], *lvs denied* 99 NY2d 554, 555 [2002]; *see also People v Wright,* 297 AD2d 875, 875 [2002]), we find that adequate and meaningful representation was provided.

Finally, having further failed to establish an abuse of discretion or extraordinary circumstances which would warrant our modification of his sentence (*see People v Hawes,* 298 AD2d 706, 709 [2002], *lv denied* 99 NY2d 582 [2003]), the sentence will remain undisturbed.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.