■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE APONTE, Appellant. [874 NYS2d 646]—

Stein, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 18, 2007, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

While defendant was incarcerated at Ogdensburg Correctional Facility in St. Lawrence County, correction officer Kenneth Race found a sharpened piece of metal in defendant's pocket during a search. Defendant was charged with promoting prison contraband in the first degree. Defendant was found guilty as charged in the indictment, prompting this appeal. We affirm.

Defendant's conviction was based upon legally sufficient evidence and was not against the weight of the evidence. A defendant confined in a detention facility is guilty of promoting prison contraband in the first degree when he or she "knowingly and unlawfully makes, obtains or possesses any dangerous contraband" (Penal Law § 205.25 [2]). An item is dangerous contraband if "its particular characteristics are such that there is a substantial probability that the item will be used in a manner that is likely to cause death or other serious injury, to facilitate an escape, or to bring about other major threats to a detention facility's institutional safety or security" (*People v Finley*, 10 NY3d 647, 657 [2008]; *see* Penal Law § 205.00 [4]).

On this appeal, defendant does not dispute that the evidence was sufficient to prove that the item in question was contraband or that it was found on his person. His challenge to the legal sufficiency of the evidence is limited to the proof that the item was dangerous. The evidence offered by the People included, among other things, the testimony of Race and two other correction officers who had observed the contraband. Although there were some variations in the witnesses' description of the item, they consistently testified that it was a sharpened piece of metal. They also testified about the use of similar items as weapons. Notably, the item itself was placed in evidence and was available for inspection by the jury. Viewing the evidence in the light most favorable to the People (*see People v Brown*, 46 AD3d 949, 951 [2007], *lv denied* 10 NY3d 808 [2008]), the evidence presented—even without the testimony comparing the contraband with similar items—could certainly lead a rational person to conclude that the item was dangerous (*see People v Carralero*, 9 AD3d 790, 791 [2004], *lv denied* 4 NY3d 742 [2004]). Therefore, the jury's verdict should not be disturbed on this basis (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Likewise, viewing the evidence in a neutral light and giving "appropriate deference to the jury's superior opportunity to assess the witnesses' credibility" (*People v Gilliam*, 36 AD3d 1151, 1152-1153 [2007], *lv denied* 8 NY3d 946 [2007]; *see People v Griffin*, 26 AD3d 594, 596 [2006], *lv denied* 7 NY3d 756 [2006]), we find that "the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d

342, 348 [2007]; *see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Bleakley*, 69 NY2d at 495; *People v Khuong Dinh Pham*, 31 AD3d 962, 964 [2006]).

Defendant's contention that he did not receive meaningful assistance of counsel is similarly unavailing. Counsel made appropriate pretrial motions, successfully argued to have defendant's bail reduced, made appropriate evidentiary objections at trial, vigorously cross-examined witnesses and convinced the court to include a lesser included charge when instructing the jury. Defendant has failed to demonstrate the absence of strategic or other legitimate explanation for counsel's introduction of his disciplinary record (*see generally People v Carralero*, 9 AD3d at 792; *People v Alston*, 298 AD2d 702, 704 [2002], *lv denied* 99 NY2d 554 [2002]). Viewing the totality of the circumstances, we find that the other actions of counsel of which defendant complains did not deprive defendant of the meaningful assistance of counsel (*see People v Holland*, 279 AD2d 645, 647 [2001], *lv denied* 96 NY2d 801 [2001]; *People v Young*, 271 AD2d 751, 752 [2000], *lv denied* 95 NY2d 859 [2000]).

Defendant's remaining arguments have been considered and are found to be without merit (*see People v Malloy*, 262 AD2d 798, 799-800 [1999], *lv denied* 93 NY2d 1022 [1999]).

Peters, J.P., Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.