■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON S. CASH, Appellant. [943 NYS2d 677]—

Stein, J. Appeal from a judgment of the County Court of Broome County (Lehmann, J.), rendered February 25, 2011, upon a verdict convicting defendant of the crimes of promoting prison contraband in the first degree and tampering with physical evidence.

In February 2010, while he was incarcerated, defendant was searched by correction officer Charles Lawrence following a visit with a family member and a friend. After Lawrence questioned defendant about a lump in defendant's sock, defendant threw the item in the garbage can. Lawrence then recovered a disposable Bic lighter from the garbage can. As a result, defendant was charged with promoting prison contraband in the first degree and tampering with physical evidence and was ultimately found guilty as charged after a jury trial. Defendant now appeals.

We affirm. Defendant contends that his conviction of promoting prison contraband in the first degree is based on legally insufficient evidence because there was no evidence that the recovered lighter was operable and, therefore, dangerous. A person is guilty of promoting prison contraband in the first degree when he or she is confined to a detention facility and "knowingly and unlawfully makes, obtains or possesses any dangerous contraband" (Penal Law § 205.25 [2]). Whether an item constitutes dangerous contraband is determined by analyzing "whether its particular characteristics are such that there is a substantial probability that the item will be used in a manner that is likely to cause death or other serious injury, to facilitate an escape, or to bring about other major threats to a detention facility's institutional safety or security" (*People v Finley*, 10 NY3d 647, 657 [2008]; *see* Penal Law § 205.00 [4]).

Here, Lawrence testified that he recovered a disposable lighter from the garbage can into which defendant had thrown the "lump" that Lawrence had observed in defendant's sock. The lighter was admitted into evidence at trial without objection. Kevin Moore, a supervising correction officer, testified that inmates are not permitted to have lighters in their possession, as any incendiary device that "can be lit or create heat" is considered to be dangerous inside a detention facility because such items create a risk of fire, which is a threat to the facility, and can be a source of heat for drug use and used as a way to melt plastic to create weapons. Significantly, even defendant acknowledged that lighters are dangerous.

Although Lawrence did not attempt to ignite the lighter during his testimony and did not testify that he had done so after he had recovered it from the garbage can, defendant's admis-

sion that a lighter is dangerous alone may be legally sufficient to establish his guilt (*see e.g. People v Brown*, 75 AD3d 655, 656 [2010]; *People v Carralero*, 9 AD3d 790, 791 [2004], *lv denied* 4 NY3d 742 [2004]). Even if this were not the case, the lighter was admitted into evidence and was available for the jury to inspect. Moreover, the danger posed to the facility was apparent given the nature of the item and could be gleaned from the correction officers' testimony (*see People v Aponte*, 60 AD3d 1199, 1200 [2009]). Thus, the jury could infer from the evidence and testimony presented that the lighter was dangerous (*see generally id.*). Viewing the evidence in the light most favorable to the People, we therefore find that the evidence was legally sufficient to convict defendant (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Baltes*, 75 AD3d 656, 658 [2010], *lv denied* 15 NY3d 918 [2010]; *People v Somerville*, 72 AD3d 1285, 1286 [2010]).

Defendant's remaining contentions have been considered and are unavailing.

Peters, P.J., Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.