■ DAVID SWARTZ, Appellant, v ST. MARY'S HOSPITAL OF AMSTERDAM et al., Defendants, and JANET ALLOWAY et al., Respondents. [956 NYS2d 243]—

Stein, J.

We affirm. Supreme Court properly permitted the jury to hear the deposition testimony of one of plaintiff's treating orthopedic surgeons, Russell Cecil, as to whether Alloway met the applicable standard of medical care for physician's assistants in the emergency department. The record clearly demonstrates that Cecil had the skill, training, education, knowledge and experience in orthopedic surgery from which it could be assumed that his opinion as to the proper treatment of a tibial plateau fracture was reliable (*see Matter of Sundaram v Novello*, 53 AD3d 804, 806 [2008], *lv denied* 11 NY3d 708 [2008]; *Matter of Lampidis v Mills*, 305 AD2d 876, 877-878 [2003]). The record also reflects that Cecil employed a physician's assistant in his office, was familiar with the standard of care to which a physician's assistant is held and had provided some training to physician's assistants in the emergency department. The fact that Alloway and Cecil do not practice in the same specialty goes to the weight to be accorded to his testimony, not its admissibility (*see Carter v Tana*, 68 AD3d 1577, 1580 [2009]; *Payant v Imobersteg*, 256 AD2d 702, 704-705 [1998]). Thus, we discern no abuse of Supreme Court's discretion or error of law in admit-

ting Cecil's testimony (*see De Long v County of Erie*, 60 NY2d 296, 307 [1983]; *Robinson v Bartlett*, 95 AD3d 1531, 1536 [2012]).

Nor did Supreme Court abuse its discretion in denying plaintiff's motion seeking a new trial on the ground that the verdict was tainted by juror misconduct. The gravamen of plaintiff's argument is that one of the jurors—an attorney— improperly influenced the other jurors. Although a court must generally avoid inquiry into the jury's deliberative process (*see People v Brown*, 48 NY2d 388, 393 [1979]; *People v Karen*, 17 AD3d 865, 867 [2005], *lv denied* 5 NY3d 764 [2005]), a jury's verdict may be overturned by a showing of improper influence by a juror, including even " 'well-intentioned jury conduct which tends to put the jury in possession of evidence not introduced at trial' " (*People v Maragh*, 94 NY2d 569, 573 [2000], quoting *People v Brown*, 48 NY2d at 393; *see People v Douglas*, 57 AD3d 1105, 1106 [2008], *lv denied* 12 NY3d 783 [2009]). However, the alleged misconduct must be based upon something beyond the juror's personal experience (*see People v Santi*, 3 NY3d 234, 249 [2004]; *People v Maragh*, 94 NY2d at 574; *Matter of Buchanan*, 245 AD2d 642, 646 [1997], *lv dismissed* 91 NY2d 957 [1998]; *People v Duffy*, 185 AD2d 528, 529 [1992], *lv denied* 80 NY2d 903 [1992]).

Here, the jury unanimously found that Alloway's examination and treatment of plaintiff did not depart from the applicable standard of care (question 1 on the verdict sheet) and only one juror dissented on the remaining questions presented on the verdict sheet. The lone dissenting juror later testified that, based upon a document received in evidence, the attorney-juror told the other jury members during the deliberations that the case had settled with regard to all the doctors and hospitals originally named as defendants. The dissenting juror further testified that, shortly thereafter, two of the jurors changed their votes. Nonetheless, the attorney-juror's statement was based upon her background experience, rather than on specific extra-record information directly related to the litigation and, as Supreme Court found, did not relate to a material issue in the case or prejudice plaintiff's right to a fair trial (*see People v Santi*, 3 NY3d at 249-250; *23 Jones St. Assoc. v Beretta*, 280 AD2d 372, 373 [2001]; *Matter of Buchanan*, 245 AD2d at 646). Moreover, Supreme Court gave the jury cautionary instructions during voir dire and during the jury charge that they should not consider or accept any advice about the law from any source other than the court. Under these circumstances, the court did not abuse its discretion in determining that the jury was not

improperly influenced by the attorney-juror (see *Snediker v County of Orange*, 58 NY2d 647, 649 [1982]; *People v Artis*, 90 AD3d 1240, 1242 [2011], *lv denied* 18 NY3d 955 [2012]).

We are also unpersuaded by plaintiff's contention that the verdict as to whether Alloway breached the standard of care in her examination and treatment of plaintiff was against the weight of the evidence. Alloway testified that, despite the absence of a notation in the records, she took one pulse measurement on the top of plaintiff's foot upon his admission to the emergency department. Although plaintiff offered the testimony of several expert witnesses that Alloway's failure to take two different pulse measurements was a departure from the applicable standard of care, defendants also presented expert testimony that Alloway's treatment of plaintiff met the standard of care. In view of defendants' presentation of credible conflicting medical evidence, it cannot be said that there was no valid line of reasoning or fair interpretation of the evidence under which the jury could have found in favor of defendants (see CPLR 4404 [a]; *Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Caruso v Northeast Emergency Med. Assoc., P.C.*, 85 AD3d 1502, 1506-1507 [2011]; *compare Dentes v Mauser*, 91 AD3d 1143, 1144 [2012], *lv denied* 19 NY3d 811 [2012]). Accordingly, Supreme Court's decision to deny plaintiff's motion to set aside the verdict on this ground was well within its discretion and will not be disturbed (see *Straub v Yalamanchili*, 58 AD3d 1050, 1051 [2009]; *Packard v State Farm Gen. Ins. Co.*, 268 AD2d 821, 822 [2000]).

Plaintiff's remaining contentions have been considered and are unavailing.

Rose, J.P., Spain and Egan Jr., JJ., concur. Ordered that the judgment and order are affirmed, with costs.