*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                    104884
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

HAROLD G. VERLEY,
                        Appellant.
_____

Calendar Date:  September 8, 2014

Before:  McCarthy, J.P., Rose, Egan Jr., Devine and Clark, JJ.

_____

        Michelle E. Stone, Vestal, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (Damian M.
Sonsire of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Chemung
County (Hayden, J.), rendered January 13, 2012, upon a verdict
convicting defendant of the crimes of promoting prison contraband
in the first degree and criminal possession of a controlled
substance in the seventh degree.

        Defendant, an inmate at Elmira Correctional Facility, was
found unresponsive on the floor of his cell from an apparent drug
overdose.  When a search of his cell revealed two small balloons
filled with heroin, he was charged with promoting prison
contraband in the first degree and criminal possession of a
controlled substance in the seventh degree.  Defendant was
convicted of both counts.  He now appeals, challenging the
verdict convicting him of promoting prison contraband in the

first degree as based on legally insufficient evidence and against the weight of the evidence on the ground that the heroin found in his cell does not constitute "dangerous contraband" (Penal Law §§ 205.00 [4]; 205.25 [2]).

"[T]he test for determining whether an item is dangerous contraband is whether its particular characteristics are such that there is a substantial probability that the item will be used in a manner that is likely to cause death or other serious injury, to facilitate an escape, or to bring about other major threats to a detention facility's institutional safety and security" (People v Finley, 10 NY3d 647, 657 [2008] [emphasis omitted]; accord People v Cash, 95 AD3d 1374, 1375 [2012], lv denied 19 NY3d 958 [2012]).  Here, the People presented evidence that when defendant was found on the floor of his cell, he was unresponsive, with shallow breathing, constricted pupils and low oxygen saturation levels, all signs that are indicative of a drug overdose.  Narcan was administered to reverse the effects of the overdose and defendant was transported to a hospital, where he remained for 24 hours and received an additional dose of Narcan. Defendant testified that he obtained the heroin from another inmate and that his intent was to use it to commit suicide.

As noted by County Court, contraband will be considered dangerous under the statutory definition as long as it endangers the safety of "any person" (Penal Law § 205.00 [4]).  Inasmuch as the heroin possessed by defendant clearly endangered his own safety, and he freely admitted that he used it to harm himself, there was legally sufficient evidence from which the jury could reasonably conclude that it constituted dangerous contraband and we do not find that the verdict was against the weight of the evidence (see People v Cooper, 67 AD3d 1254, 1256-1257 [2009], lv denied 14 NY3d 799 [2010]; People v Watson, 162 AD2d 1015, 1015 [1990], appeal dismissed 77 NY2d 857 [1991]).

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.



                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court