People v Cochrane (2021 NY Slip Op 03917)





People v Cochrane


2021 NY Slip Op 03917


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Acosta, P.J., Webber, Mazzarelli, Kennedy, JJ. 


Ind No. 1690/16 Appeal No. 14072 Case No. 2018-3202 

[*1]The People of the State of New York, Respondent,
v
Anthony Cochrane, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Arielle I. Reid of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered November 1, 2017, convicting defendant, after a jury trial, of robbery in the first and second degrees, attempted assault in the first degree and assault in the second degree, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.
The court providently exercised its discretion in admitting limited evidence that following his arrest immediately after the crime, defendant told the police that he did not follow the "rules" of New York because they did not apply to him. This was probative of defendant's intent (see People v Latnie, 180 AD3d 1238, 1243 [3d Dept 2020]). The probative value of this evidence outweighed its potential for prejudice (see generally People v Frumusa, 29 NY3d 364, 372 [2017]), which was minimal because the court, at defense counsel's request, excluded defendant's references to his "sovereign citizen" ideology.
The court also providently exercised its discretion in summarily denying defendant's CPL 330.30(2) motion to set aside the verdict on the ground of jury misconduct. Even assuming the truth of the affidavits submitted by two jurors regarding two other jurors who were attorneys, those affidavits did not provide a basis for setting aside the verdict. Although defendant claims that the attorney jurors exerted undue influence on the basis of their legal expertise, the affidavits merely indicate that the attorney jurors, along with other jurors, voiced their opinions and understanding of the court's charge, particularly with regard to the element of intent. According to the affidavits, the attorneys were not introducing their own expertise, but were instead expressing their understanding, however emphatically, of the law as given by the court in its instructions, and which the jury is presumed to have followed (23 Jones St. Assoc. v Beretta, 280 AD2d 372, 373 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021