People v Hernandez (2025 NY Slip Op 01589)

People v Hernandez

2025 NY Slip Op 01589

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Webber, J.P., Friedman, González, Scarpulla, Michael, JJ. 

Ind. No. 1108/19|Appeal No. 3913|Case No. 2024-05971|

[*1]The People of the State of New York, Respondent,
v
Pedro Hernandez, Defendant-Appellant.

Edelstein & Grossman, New York (Jonathan I. Edelstein of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Vincent Rivellese of counsel), for respondent.

Appeal from judgment, Supreme Court, Bronx County (Beth Beller, J.), rendered June 29, 2023, convicting defendant, after a jury trial, of burglary in the first degree and criminal mischief in the third degree, and sentencing him to concurrent prison terms of six years and one to three years, respectively, held in abeyance and the matter remanded for a hearing pursuant to CPL 330.40(2)(f).
Pursuant to CPL 330.40(2)(f), defendant was entitled to an evidentiary hearing on his motion to set aside the verdict based on juror misconduct. This subsection of the statute requires a court to conduct such a hearing if it does not summarily grant the motion pursuant to subdivision (d) of CPL 330.40(2), which was inapplicable here because the "essential facts [were not] conceded by the People to be true," or summarily deny it pursuant to subdivision (e), which is appropriate only where the motion fails to "allege any ground constituting a legal basis for the motion" or "do[es] not contain sworn allegations of all facts essential to support the motion" (CPL 330.40[2][d][iii], [e][i][ii]).
Some of the alleged conduct of juror A.H., an attorney, described in the supporting affidavits of two jurors, was an emphatic expression of the juror's thoughts, his strong belief in defendant's guilt, his understanding of the court's instructions, his personal antipathy to the defendant, and, to the extent it was incorrect, his understanding of the law, none of which constitutes juror misconduct under CPL 330.30(2) (see People v Cochrane, 195 AD3d 525 [1st Dept 2021]; People v Davis, 86 AD3d 59, 68 [2d Dept 2011]). However, the affidavit of one juror (E.A.) affirmed that A.H. "told us that we did not have to apply the beyond a reasonable doubt standard for everything in the case." The other juror (S.D.) affirmed that A.H. averred, without any stated exception, "that the proof did not have to be beyond a reasonable doubt."
Considering these attestations regarding A.H.'s alleged direction to the jury members to disregard the court's instruction concerning the burden of proof, defendant was entitled to an evidentiary hearing on his motion to set aside the verdict. We hold the appeal in abeyance for that purpose.
Defendant also sought imposition of a sentence lower than ordinarily required, pursuant to Penal Law § 60.12. That statute authorizes the court to impose a sentence lower than that ordinarily required where the defendant is a victim, at the time of the crime, of domestic violence that constitutes "a significant contributing factor to the defendant's criminal behavior" and the court finds that imposition of a sentence pursuant to regular sentencing statutes "would be unduly harsh" (Penal Law § 60.12[1][a], [b] and [c]).
Here, defendant failed to submit any reliable evidence to support a "temporal nexus between the abuse and the offense" (People v Williams, 198 AD3d 466 [1st Dept 2021], lv denied 37 NY3d 1165 [2022]). Thus, the court's decision on the motion without [*2]holding an evidentiary hearing was not in error. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025