People v Hernandez

2026 NY Slip Op 02941

May 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Pedro Hernandez, Appellant.

Decided and Entered: May 12, 2026

Ind. No. 1108/19|Appeal No. 3913|Case No. 2024-05971|

Before: Webber, J.P., Scarpulla, Friedman, GonzáLez, Michael, JJ.

Edelstein & Grossman, New York (Jonathan I. Edelstein of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Vincent Rivellese of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Beth Beller, J.), rendered June 29, 2023, convicting defendant, after a jury trial, of burglary in the first degree and criminal mischief in the third degree, and sentencing him to concurrent prison terms of six years, and one to three years, unanimously affirmed.

In our initial decision in this case, we held the appeal in abeyance and remanded for a hearing pursuant to CPL 330.30(2)(f), on defendant's claim that one of the jurors, an attorney, A.H., engaged in misconduct (see People v Hernandez, 236 AD3d 530 [1st Dept 2025]). While observing that much of the conduct complained of, including the attorney-juror's expression of his understanding of the court's instructions and his strong belief in defendant's guilt, did not constitute misconduct, we concluded that defendant was entitled to a hearing based on allegations in the affidavits of two of the other jurors, one affirming that A.H. "told us that we did not have to have to apply the beyond a reasonable doubt standard for everything in the case," and the other affirming, without any stated exception, "that the proof did not have to be beyond a reasonable doubt" (id. at 530). We found these statements raised a question of whether A.H. engaged in misconduct, which occurs when "a juror who is a professional in everyday life shares expertise to evaluate and draw an expert conclusion about a material issue in the case that is distinct from and additional to" the proof at trial (People v Maragh, 94 NY2d 569, 574 [2000]; see also People v Cochrane, 195 AD3d 525, 525 [1st Dept 2021], lv denied 37 NY3d 991 [2021]).

Following a hearing, at which A.H. and eight of the other jurors testified, Supreme Court concluded that A.H. "sought to apply the trial court's legal instructions during deliberations," did not "introduce legal instructions of his own making," and "did not rely upon his own professional experience in applying the law to the facts" either in his communications with other jurors or his own consideration of the evidence. Finding it prudent to also address defendant's allegations regarding another aspect of the charge not specified in our opinion, the court drew the same conclusions regarding the court's instruction regarding burglary. Our review of the evidentiary hearing confirms that the record fully supports the hearing court's conclusions, and thus we find that defendant fails to establish juror misconduct.

Defendant's two remaining appellate claims, not disposed of in our prior decision, are unavailing. The evidence supporting defendant's conviction of burglary in the first degree was legally sufficient, and the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). Moreover, the court correctly rejected defendant's [*2] contention that he was entitled to a justification instruction regarding the count charging burglary in the first degree (see People v Santiago, 166 AD2d 362 [1st Dept 1990], lv denied 77 NY2d 843 [1991]).

We have considered defendant's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 12, 2026